23033. JONES v. TRUSSELL (formerly JONES).

SUBMITTED JULY 12, 1965—DECIDED SEPTEMBER 9, 1965.

*William K. Buffington,* for plaintiff in error.
*T. Coleman Bloodworth, Hallie B. Bell,* contra.

GRICE, Justice. Involved here is the dismissal upon demurrer of a petition for contempt filed by Thomas W. Jones against Mrs. Dorothy C. Trussell in the Superior Court of Bibb County.

The substantial allegations were as follows: that the parties had entered into a written contract, made the judgment of the court in their divorce action, whereby each was to pay one-half of all taxes, insurance, upkeep and repairs to certain described property; that a paving assessment in the form of a tax in a specified amount was levied upon the property; and that the defendant had wilfully refused to comply with the terms of such judgment, causing petitioner to pay the entire amount of such assessment. The petitioner prayed that the defendant show cause why she has not paid one-half in accordance with the judgment, and that in default she be attached for contempt.

The defendant demurred generally and specially to the petition as a whole and to designated paragraphs. Whereupon the trial court entered an order which, without elaboration, sustained the demurrer and dismissed the petition.

The petitioner assigns error on that judgment. However, in his brief he concedes the validity of the judgment itself, challenging only the basis upon which it was predicated. His bill of exceptions recites that basis to have been that the judgment in the divorce case "was an order fixing the payment of alimony and support for the wife and children and that such an order though it be directed to the father does not include the mother for no such recovery could have been sought against her."

In his brief, plaintiff in error agrees with the defendant in error that since the judgment in the divorce case was one merely declaring the rights of the parties without any express command or prohibition, it could not be the basis of contempt for non-compliance (see *Gore v. Gore,* 217 Ga. 478 (123 SE2d 254)), and seeks to have the judgment of the trial court placed

upon that basis. He also states that he fails "to see any precedent at law for supporting of this contempt citation," and prays that "the same be summarily dismissed."

Aside from the well established rules that the reasons assigned by the trial judge for his judgment constitute no part of the judgment and are not reviewable (*Malone v. Glover*, 173 Ga. 780, 781 (161 SE 602)), and that a judgment right for any reason will be affirmed (*Stahl v. Russell*, 206 Ga. 699 (2) (58 SE2d 135)), the plaintiff in error, by such statements in his brief, has "irrevocably acquiesced in the judgment of the trial court . . . and . . . will not be allowed to review that judgment nor to question its correctness in any court." *Leggitt v. Allen*, 208 Ga. 298, 299 (66 SE2d 709).

*Writ of error dismissed. All the Justices concur.*