## 29630. HEARD v. VEGAS.

JORDAN, Justice.

This action arose by petition filed by Ana Maria Vegas in the Cobb Superior Court against Frank Heard, her former husband, seeking an upward revision in child support payments and the rescission of an agreement incorporated into the divorce decree prohibiting Mrs. Vegas and their minor child from living outside the State of Georgia. The husband answered that there had not been a substantial change in his financial situation so as to warrant an increase in child support payments, that he opposed the modification of the judgment restricting his former wife and child to living in the state. By way of a cross claim he requested that permanent custody of the child be vested in him, and in the alternative that other requests as to visitation rights be granted.

On August 27, 1974, the trial court ordered as follows: "(1) That the prayers of plaintiff for modification of child support from defendant are denied; (2) that change of custody from petitioner to defendant as prayed in his cross claim is denied; (3) that the prayers of plaintiff for modification of said final decree to permit removal from this State are granted as the same contained in said agreement and divorce decree are hereby decreed void..."

1. The main issue presented in this appeal is

whether a judgment incorporating an agreement between the parties to the effect that the parent awarded custody will live in the State of Georgia, is void as to that provision.

In *King v. King,* 202 Ga. 838 (2) (44 SE2d 791) it was said that it is "against the policy of the law to permit the removal of a child from the jurisdiction of the state unless its welfare would be better served thereby, although such removal may be permitted by the court in its discretion, in a proper case."

This language in *King,* supra, was held not to be binding in *Connell v. Connell,* 222 Ga. 765 (3) (152 SE2d 567) where we held that "The part of the divorce decree ordering that the minor children remain within the jurisdiction of the superior court . . . is void, and it was error to hold the former wife in contempt for violation of such provision." In *Connell,* supra, we relied on the decision in *Evans v. Allen,* 212 Ga. 193 (1) (91 SE2d 518) where we held a provision in a divorce decree "prohibiting the removal of the child beyond the jurisdiction of the court . . . void and of no effect."

Both *Connell* and *Evans,* supra, were cited by this court in *Hollingsworth v. Peck,* 226 Ga. 95, 96 (172 SE2d 839) wherein we ruled "[a]s to the right of the mother to remove the residence of the child outside the state notwithstanding the provision in the decree prohibiting it." After reviewing the record not found in the reported decision in *Hollingsworth,* supra, we find that the decision rendered there was based on a factual situation almost identical to the one here. In that case the divorce decree incorporated a voluntary agreement between the parties in which they agreed that the minor child "shall not be removed from the State of Georgia, nor shall be taken by either party to this agreement from beyond the limits of the State of Georgia for a period in excess of one month at the time without the written consent of both parties." The trial court in that case made the agreement part of the decree.

It is clear from *Evans* and *Connell,* supra, that a court cannot attempt to retain jurisdiction after its final order, and it appears that *Hollingsworth,* supra, extended that rule to the prohibition of a voluntary provision requiring

the parent to whom custody is granted to live within the boundaries of the state.

As noted by the trial judge in the case sub judice the holdings relied upon by appellant in *Tanner v. Tanner,* 221 Ga. 406 (144 SE2d 740); *Holder v. Holder,* 226 Ga. 254 (174 SE2d 408) and *Hunnicutt v. Sandison,* 223 Ga. 301 (154 SE2d 587) related to situations where the grant of custody was defeasible upon the happening of some future occurrence such as the remarriage of the party to whom custody was awarded, or the removal of the child out of the state. In those cases agreements that made alternative grants of custody were upheld. As the trial judge stated in his order here "there is contained in the present case no defeasible right of change in custody — merely a prohibition from removal from the state."

The case law of this state, as it now stands, is consistent with the ruling of the trial court. The court did nor err in holding this provision of the decree void.

2. Appellant also complains that the trial court erred in denying his cross claim seeking a change in custody due to a material change in conditions. The trial judge held that the evidence presented at the hearing did not warrant a finding of a material change in conditions affecting the welfare of the child sufficient to require a change in custody. The determination as to a change in conditions is one made within the sound discretion of the court and it is not subject to corrective action upon review by this court unless it appears that the discretion of the custody court has been abused. *Durden v. Durden,* 224 Ga. 417 (162 SE2d 385); *Dutton v. Freeman,* 213 Ga. 445 (99 SE2d 204). No abuse of discretion is found here, and this contention is therefore without merit.

*Judgment affirmed. All the Justices concur. Ingram, J., disqualified.*

ARGUED FEBRUARY 10, 1975 — DECIDED MARCH 4, 1975.

*Custer, Smith & Manning, Lawrence B. Custer, W. Sammy Garner, III,* for appellant.

*Flournoy & Still, Richard H. Still,* for appellee.