## 31479. HINES v. HINES.

NICHOLS, Chief Justice.

The appellant former husband brought a contempt citation against his former wife alleging that she had violated the terms of the court decree by refusing to allow the husband to visit with the children at any time or at any place and that she had also violated the order by not maintaining insurance on the automobile given to her by the court decree which has caused problems for him with his financing company. The former wife then filed a cross complaint for contempt alleging the husband was in arrears of child support payments, had failed to make the payments on the automobile as required by the decree and the finance company was threatening to repossess the car. After hearing, the trial court found the former husband in contempt of court. The court ordered the appellant to pay

the regular monthly child support payments plus an additional amount until the arrearage was fully paid up. He was also ordered to pay $2,430.60 before the expiration of six months as the value of the automobile decreed to the former wife. The appellant appeals and enumerates two errors.

1. The first enumeration of error contends the trial court erred in not finding the facts specially and stating separately its conclusions of law in accordance with Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171 (Code Ann. § 81A-152 (a)).

An application for contempt to enforce an alimony and child support judgment is ancillary to the primary action and an incident of the divorce and alimony action. *Taylor v. Taylor,* 216 Ga. 767, 768 (119 SE2d 571) (1961); *Sorrells v. Cole,* 111 Ga. App. 136, 139 (141 SE2d 193) (1965). See *Langley v. Wynn,* 70 Ga. 430 (3) (1882) where this court used the language: ". . . motion to attach for contempt. . ." Code Ann. § 81A-107(a) provides: "There shall be a complaint and an answer; a third-party complaint, if a person who is not an original party is summoned under the provisions of section 81A-114; and a third-party answer, if a third-party complaint is served; there may be a reply to a counterclaim denominated as such; and an answer to a cross claim, if the answer contains a cross claim. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

Since an application for contempt does not come within the definition of a pleading, it is necessarily a motion as defined in Code Ann. § 81A-107 (b), and the provisions of Code Ann. § 81A-152 which require findings of fact and conclusions of law by the trial court, are not applicable to motions. *Rowland v. Kellos,* 236 Ga. 799 (5) (225 SE2d 302) (1976). There is no merit in this enumeration of error.

2. The second enumeration of error contends it was error to sustain the appellee's motion to dismiss appellant's motion for rehearing without inquiring into the contentions of the appellant. The Court of Appeals in *Martin v. Martin,* 118 Ga. App. 192, 195 (163 SE2d 254) (1968) held: "A ruling or judgment *rendered after the*

*judgment appealed from,* if enumerated as error, may be considered by this court if such ruling or judgment *could have some effect* on the judgment appealed from." The denial of a motion for rehearing in the trial court does not affect the judgment appealed from and presents nothing for review by this court, which is not presented by an appeal from the prior judgment. There was no transcript made of the hearing on the motion for contempt, or on appellant's motion for rehearing. Accordingly, it must be presumed that the evidence authorized the judgment holding the former husband in contempt of court and since there was no error of law, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted August 27, 1976 — Decided September 29, 1976 — Rehearing denied October 19, 1976.

*Gilbert & Blum, Fred A. Gilbert,* for appellant.
*Evelyn Sisk Fabian,* for appellee.