S92A1041, S92A1042. PHILLIPS v. BROWN (two cases).
(426 SE2d 866)

</div>

HUNSTEIN, Justice.

The Georgia Department of Human Resources (DHR) sued appellant Timothy Phillips pursuant to the Child Support Recovery Act, OCGA § 19-11-1 et seq., seeking reimbursement for certain public assistance benefits which it had paid for the support of Tameka Brown, the minor child alleged to be the appellant's daughter. DHR instituted an action against the appellant as the putative father seeking to recover past and future support. Following a hearing, the trial court ordered the appellant to commence payment of temporary child support, while reserving a ruling on paternity. Appellant then filed a

---

motion for a jury trial on the issues of paternity and permanent child support. The trial court granted summary judgment in favor of DHR ruling that the appellant's paternity had been established but deferred a ruling on the issue of permanent child support. On that same date DHR filed a contempt petition and a rule nisi alleging that the appellant had refused to comply with an earlier order regarding temporary child support. The contempt action was filed under a different civil action number than that of the child support petition and failed to refer by number to the pending petition for child support. Service of process of the petition and the rule nisi was made by personal service on the appellant, but his counsel in the child support action was not notified of the proceeding. A hearing was held on January 8, 1992, at which the appellant appeared without counsel. The trial court found the appellant in contempt and ordered that he purge himself by paying the sums he was originally obligated to pay, or if failing to do so within a specified time, ordered him jailed. On that same day, the trial court entered a separate order on DHR's original petition for recovery of child support, ruling that the appellant was obligated to make permanent support payments on behalf of his daughter.

This case is before us pursuant to our grant of the appellant's application for a discretionary appeal to determine whether the appellant was improperly denied a jury trial on the amount of permanent child support he should be required to pay and whether the trial court erred in entering a contempt order based on a contempt action filed under a civil action number different from that of the primary action.

1. Although the appellant enumerates as error the trial court's denial of a jury trial on the issue of the amount of permanent child support he was obligated to pay, he has provided no citation or argument to support this contention. Supreme Court Rule 45 provides that enumerations of error will be deemed abandoned if they are not supported by argument or citation of authority. Accordingly, this enumeration presents nothing for review.

2. The appellant next contends that it was error for DHR to institute a new civil action to enforce by contempt a temporary order in a pending civil action. We agree. It is axiomatic that an action for contempt is ancillary to the primary action and, as such, is not a pleading but a motion. See *Hines v. Hines*, 237 Ga. 755 (1) (229 SE2d 744) (1976). " '[A] motion for contempt "is not tantamount to the filing of a complaint." ' [Cit.] '[A]n application for contempt does not come within the definition of a pleading.' [Cit.]" *Opatut v. Guest Pond Club*, 254 Ga. 258 (1) (327 SE2d 487) (1985). DHR is subject to the provisions of the Georgia Civil Practice Act. *Bearden v. Bearden*, 262 Ga. 837 (426 SE2d 568) (1993). Inasmuch as a proceeding was pending in the trial court the contempt action should have been

brought as part of that case, with notification to the appellant's counsel. As it was not, the finding of contempt must be reversed.

3. We find no merit in appellant's remaining enumerations of error.

*Judgment affirmed in Case Nos. S92A1041 and S92A1042, except for the judgment of contempt in Case No. S92A1042, which is reversed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED MARCH 15, 1993 —
RECONSIDERATION DENIED MARCH 31, 1993.

*Dubberly & McGovern, Joseph D. McGovern,* for appellant.
*Dupont K. Cheney, District Attorney, Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellee.