S93A1087. BAER v. BAER.
(436 SE2d 6)

HUNSTEIN, Justice.

We granted discretionary review in this domestic relations case to determine whether the trial court abused its discretion by setting off

certain claims by the husband against the wife's claim for alimony and child support arrearages. As the issues of counterclaim and set-off were the sole issues raised on appeal other issues ruled on by the trial court are not before us and are therefore not affected by this decision.

Robert and Elizabeth Baer were divorced on February 27, 1992. In the divorce agreement, appellee-husband was ordered to pay alimony, child support, and other expenses. On August 28, 1992, appellant-wife brought a contempt action against appellee for failing to pay his obligations under the decree. Appellee counterclaimed, alleging that appellant owed him money from their 1991 joint tax return and for other expenses. On January 30, 1992, the trial court rendered its order finding appellee in arrears in the amount of $17,400. Additionally, the trial court held, inter alia, that appellee was entitled to set off approximately $11,000, representing 40 percent of the taxes owed from the parties' joint 1991 income tax returns and also expenses incurred from maintenance of the parties' residence after the divorce, notwithstanding that these obligations were not addressed in the divorce decree.

Appellee argues that the trial court correctly allowed him a credit against arrearages for payments made on behalf of appellant because it would be "unfair" to require him to bring a subsequent suit to recover for obligations not mentioned in the divorce decree. We disagree.

1. It is still the rule in Georgia that a counterclaim cannot be filed in response to an application for contempt. *Greer v. Heim*, 248 Ga. 417 (284 SE2d 11) (1981). That is because the filing of a contempt action is not tantamount to filing a complaint. *McNeal v. McNeal*, 233 Ga. 836 (213 SE2d 845) (1975). See also *Davis v. Davis*, 230 Ga. 33 (2) (195 SE2d 440) (1973). Accordingly, it was error for the trial court to consider appellee's counterclaim in the context of appellant's petition for contempt.[1]

2. Moreover, we note that it was also error for the trial court to grant appellee a set off of expenses he incurred which were not addressed in the divorce decree against his arrearages under the decree. In Georgia, due to the unique nature of the support obligation, a spouse obligated to pay support is not entitled to a set off. *Attaway v. Attaway*, 193 Ga. 51 (17 SE2d 72) (1941) (judgment for alimony "being based upon an obligation imposed by law" is not subject to set-off by judgment obtained in husband's favor against the wife). See also *Reach v. Owens*, 260 Ga. 227 (391 SE2d 922) (1990). Compare *Walters v. Walters*, 238 Ga. 237 (232 SE2d 240) (1977) (not error to direct

---

[1] This holding does not prohibit the trial court from considering evidence of good faith payments made by a party which may bear on the issue of whether the party was in wilful disobedience of a court order.

wife to withhold escrow proceeds against sums owed by husband for past alimony and child support). However, equitable considerations can apply to permit set offs. *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977) (modification of divorce decree approved under "the unusual combination of facts" present in the case); *Farmer v. Farmer,* 147 Ga. App. 387 (249 SE2d 106) (1978) (substantial compliance with the decree created an equitable exception to the general rule that no set-off should be allowed). There being no equitable exceptions present which would justify the set-off, we accordingly hold that the trial court erred in awarding any set-off to the appellee against his accrued obligation.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 1, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993.

*Lissner, Killian, Cunningham & Boyd, Robert M. Cunningham,* for appellant.
*Pipkin & Williams, Marvin Pipkin,* for appellee.