S94A0993. IN RE AUGUST F. SIEMON III.
(449 SE2d 832)

HUNT, Chief Justice.

The issue in this appeal concerns the validity of the trial court's order against August F. Siemon III, finding him in contempt and summarily forever barring him from appearing in any capacity before that court's division. We reverse and remand.

Siemon, acting as an attorney for the defendant in a capital case, filed a motion to recuse the trial court, alleging misconduct on the part of the trial court.[1] The following day, without notice or hearing, the trial court issued the order from which Siemon appeals. While the trial court did not use the word "contempt," it is apparent from the order that the trial court found Siemon's allegations in the motion to constitute contempt, and, in barring him from that division of the court, intended to treat as criminal contempt what the trial court saw as an affront to its integrity.

1. We note at the outset that a trial court has broad authority to preserve order in the courtroom by use of the contempt power. *Garland v. State,* 253 Ga. 789, 791 (2) (325 SE2d 131) (1985). The judicial power to punish for contempt is inherent and enables the courts to perform their functions, including preserving order in judicial proceedings. *Crudup v. State,* 218 Ga. 819, 820 (130 SE2d 733) (1963); Ga. Const. 1983, Art. VI, Sec. I, Par. IV; Stumpf, Inherent Powers of the Court (National Judicial College 1994), p. 16; Johnson and Reaves, Contempt of Court in Georgia, 723 Ga. State Bar Journal 66, 69 (Nov. 1986). See also OCGA § 15-1-3 (4). Nevertheless, in view of the nature of the power to punish for contempt, courts should limit their orders to the least possible exercise of power required, and should not impose punishment without first affording minimum due process to the accused. Contempt of Court in Georgia, supra at 72. See also *Taylor v. Hayes,* 418 U. S. 488, 500 (94 SC 2697, 41 LE2d 897) (1974). Moreover, in contempt actions, just as in all proceedings, trial judges must disqualify themselves where their impartiality might reasonably be questioned. Code of Judicial Conduct, Canon 3 C (1).

2. The trial court, in imposing summary punishment against

---

[1] The denial of the motion to recuse was not appealed.

Siemon without affording Siemon minimum due process, exceeded its authority. In *Dowdy v. Palmour*, 251 Ga. 135, 141 (2) (304 SE2d 52) (1983), we reviewed the due process requirements in contempt proceedings, as set forth by the U. S. Supreme Court in *Taylor v. Hayes*, supra. Those requirements include, except in rare instances, the right to notice of the charges of contempt and a hearing on those charges. *Dowdy v. Palmour*, supra at 142 (2). The posture of this case was not such that the trial court by necessity was compelled to act summarily for the purpose of maintaining order in the courtroom.[2] See *Taylor v. Hayes*, supra, 418 U. S. at 497-498; *Dowdy v. Palmour*, supra at 141-142 (2); OCGA § 15-1-4. Consequently, Siemon was entitled to notice of the charges against him and to a hearing on those charges.

3. Likewise, due process in this case required that another judge hear the charges against Siemon. *Taylor v. Hayes*, 418 U. S. 501-503; *Dowdy v. Palmour*, supra at 142 (2); *In re Crane*, 253 Ga. 667 (1) (324 SE2d 443) (1985). Canon 3 C (1) of the Code of Judicial Conduct calls for disqualification where the judge's "impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer. . . ." While not every attack on a judge, particularly a baseless attack, disqualifies that judge from deciding and imposing punishment in a contempt matter, compare *Maples v. Seeliger*, 165 Ga. App. 201, 202 (2) (299 SE2d 906) (1983), the extreme punishment imposed by the trial court, and the summary nature and language of the trial court's order reveal that the trial court's reaction was cloaked with " 'such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused.' " [Cit.] *Taylor v. Hayes*, supra, 418 U. S. at 501. Accordingly, the trial court, while it was authorized to provide notice to Siemon of the charges against him, was then required to refer the matter to another judge for hearing. *Dowdy v. Palmour*, supra at 142 (2).[3]

4. Finally, we agree with Siemon that the punishment of barring him from a division of a superior court is not available for criminal contempt. In these circumstances, the superior court's power to punish is limited by OCGA § 15-6-8 (5) which gives those courts authority to punish contempt by fines not exceeding $500 and imprisonment not exceeding 20 days. *Mathis v. Corrugated Gear*, 263 Ga. 419, 422

---

[2] In *Taylor v. Hayes*, supra, the Supreme Court pointed out that summary punishment is regarded with disfavor, and that even where imposed during trial, the contemnor normally is afforded an opportunity to be heard. 418 U. S. at 498. See also Contempt Of Court In Georgia, supra at p. 70.

[3] Whether, in the face of a personal attack, a judge must refer a contempt proceeding to another judge, depends on the facts and circumstances in each case.

(6) (435 SE2d 209) (1993).[4]

For the above reasons, the trial court's order barring Siemon from practice before that division of the court is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed and remanded. All the Justices concur. Sears, J., disqualified.*

DECIDED NOVEMBER 21, 1994.

*August F. Siemon III*, pro se.

*Lewis R. Slaton, District Attorney, Doris L. Downs, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General, John C. Jones, Daryl A. Robinson, Senior Assistant Attorneys General, Carla J. Friend,* for appellee.

---

[4] Because of the unconditional nature of the punishment imposed, it is apparent that the trial court intended to treat Siemon's allegations as criminal contempt. See *Ensley v. Ensley*, 239 Ga. 860, 861 (238 SE2d 920) (1977); Contempt of Court in Georgia, supra at 68. Assuming Siemon's allegations prove to constitute contempt, an order of punishment for criminal contempt, rather than a remedial, conditional disposition would seem appropriate. The statutory limitations of OCGA § 15-6-8 (5) apply only to criminal contempt. *Ensley v. Ensley*, supra. This is not to say that Siemon's allegations against the trial court might not provide the basis for civil actions for libel or slander, or disciplinary proceedings against Siemon. See *Garland v. State*, 253 Ga. 789, 792 (2) (325 SE2d 131) (1985).