## S96A0907. BROWN v. KING.

(472 SE2d 65)

FLETCHER, Presiding Justice.

Jillian Ellis Brown filed a motion for contempt against her former husband, James P. King, Jr., seeking to enforce court-ordered child support payments. The trial court granted the husband's motion to dismiss, ruling that a contempt action to enforce a divorce decree must be filed as a new civil action requiring 30 days notice of a hearing. We granted the wife's discretionary application to consider the trial court's ruling. Adhering to our previous decisions, we hold that the contempt action is an independent proceeding ancillary to the divorce case and requires only reasonable notice of a hearing. Therefore, we reverse.

1. Contempt is part of the judiciary's inherent power to enforce its orders.[1] Since the adoption of the Georgia Civil Practice Act, this Court has stated that an application for contempt is a motion and not a complaint.[2] We reasoned that because a contempt application does not come within the definition of a pleading under OCGA § 9-11-7 (a), it must necessarily be a motion as defined in subsection (b).[3] Yet, due to the independent nature of contempt actions, many provisions of the Civil Practice Act do not apply. Thus, we have held that a party may not file a counterclaim or cross-claim under OCGA § 9-11-13,[4] a respondent is not entitled to five days notice of a hearing under OCGA § 9-11-6 (d),[5] and a trial court is not required to enter findings of facts and conclusions of law under OCGA § 9-11-52.[6]

We reiterate today that a contempt action to enforce court-

---

[1] *In re Siemon,* 264 Ga. 641 (449 SE2d 832) (1994); *In re Pruitt,* 249 Ga. 190, 192 (288 SE2d 208) (1982).

[2] *Phillips v. Brown,* 263 Ga. 50, 51 (426 SE2d 866) (1993); *Baer v. Baer,* 263 Ga. 574, 575 (436 SE2d 6) (1993); *Opatut v. Guest Pond Club,* 254 Ga. 258 (327 SE2d 487) (1985); *Hines v. Hines,* 237 Ga. 755, 756 (229 SE2d 744) (1976); *McNeal v. McNeal,* 233 Ga. 836, 837 (213 SE2d 845) (1975).

[3] See OCGA § 9-11-7 (b) (1) ("An application to the court for an order shall be by motion."); *Hines v. Hines,* 237 Ga. at 756.

[4] *Baer,* 263 Ga. at 575; *McNeal,* 233 Ga. at 837; *Davis v. Davis,* 230 Ga. 33, 34 (195 SE2d 440) (1973).

[5] *Gibson v. Gibson,* 234 Ga. 528, 529 (216 SE2d 824) (1975).

[6] See *Hines,* 237 Ga. at 756.

ordered child support payments is an independent proceeding that is ancillary to the divorce action and not a new civil action. This ancillary status applies whether the divorce action is still pending or the trial court has already entered a final judgment. The petitioner initiates the contempt proceeding by serving the respondent with a copy of the contempt motion and a rule nisi.[7] The rule nisi gives the respondent notice of the charges and the opportunity for a hearing at a specific time and place.[8] To comport with due process, the notice of the hearing must be reasonable.[9]

In this case, the wife properly initiated the contempt proceeding. She personally served her former husband with the motion for a contempt citation and rule nisi on November 13, 1995. The rule nisi ordered the husband to show cause at a hearing set on December 1, 1995. Because the husband had 17 days notice of the hearing, we find that he received reasonable notice.

2. Although the trial court relied on OCGA § 15-6-77 (e) (1) and Uniform Superior Court Rule 39.2, neither the Code section nor the uniform rule provides authority for a court to designate a contempt motion as a new civil action requiring 30 days notice of a hearing. The statutory provision defines "civil cases" for determining when the clerks of the superior court may charge and collect fees and is expressly limited to that particular Code section.[10] The uniform rule requires clerks to enter a separate case number for all actions civil in nature, except adoptions. Both provisions deal with administrative matters related to filings in the clerk's office. By our decision today, we do not intend to change the authority of clerks to assign separate case numbers or assess fees in contempt actions filed after a final decree.

Rather, we simply invalidate the local rule that requires 30 days notice of a hearing on contempt. Since the trial court relied on that rule in dismissing the wife's motion, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Charles Crawford*, for appellant.

*Perrotta & Associates, Anthony N. Perrotta, Brian R. Cahn*, for appellee.

*Michael J. Bowers, Attorney General, Kevin M. O'Connor, Assis-*

---

[7] See OCGA § 19-6-28.

[8] *Braden v. Braden*, 260 Ga. 269 (392 SE2d 710) (1990).

[9] See *Gibson*, 234 Ga. at 530.

[10] See OCGA § 15-6-77 (e) (1) (defining "civil cases" as "used in this subsection" to include actions for divorce and specifying that post-judgment proceedings "shall be considered as a new case for the purposes of this Code section").

*tant Attorney General,* amicus curiae.