### A98A2281. STEWART v. STEWART.
(511 SE2d 919)

JOHNSON, Chief Judge.

Richard Stewart and his sister, Beth Stewart Crichlow, filed suit in Greene County Superior Court seeking an accounting and asserting that John Stewart misappropriated and commingled assets while serving as attorney-in-fact for certain now-deceased relatives of the parties. John Stewart filed a permissive counterclaim against Richard Stewart for monies due on an unrelated promissory note. The counterclaim was severed and transferred by consent order to Hall County Superior Court.

John Stewart then filed a motion for summary judgment in his promissory note suit. Richard Stewart opposed the motion contending that genuine issues of material fact exist because of a set-off defense. His set-off defense is based on the same claims which he currently has pending against John Stewart. He also sought a stay of proceedings in Hall County Superior Court until the amount which he would claim in his set-off defense could be adjudicated before the Greene County Superior Court.

The Hall County Superior Court granted summary judgment to John Stewart after holding that by failing to answer John Stewart's request for admissions, Richard Stewart admitted the facts alleged in the pleadings. Specifically, the court held that Richard Stewart admitted the indebtedness asserted as due on the promissory note and the note's subsequent default. The Hall County Superior Court also denied Richard Stewart's request for a stay of proceedings pending the outcome of the suit filed in Greene County Superior Court.

1. Richard Stewart appeals contending that the trial court erred by granting summary judgment and by holding that his set-off claim could only be raised as a counterclaim and could not be categorized as an equitable defense in the suit pending in Hall County Superior Court. He argues that because of the pendency of the action between

the parties in Greene County, his set-off claim could not be asserted as a counterclaim before the Hall County Superior Court and that he has been placed in a "Catch 22" situation. Richard Stewart's contentions are without merit.

In general, parties to a suit are entitled to set-off mutual demands existing at the time of the commencement of the suit. OCGA § 13-7-5. However, this type of set-off does not operate as a denial of the plaintiff's claim; rather, it merely allows the defendant to set-off a debt owed him by the plaintiff against the claim of the plaintiff. OCGA § 13-7-1. As such, it must be asserted as a counterclaim rather than as a defense. *J. R. Mabbett & Son, Inc. v. Ripley*, 185 Ga. App. 601, 605 (3) (365 SE2d 155) (1988).

Although the claim for monies due on the promissory note originally was filed as a permissive counterclaim in the suit brought by Richard Stewart and Beth Stewart Crichlow, it ceased to be a counterclaim when it was severed and transferred to the Hall County Superior Court for adjudication as an original action. Richard Stewart cannot assert his claim as a set-off defense in the now separate suit on the promissory note. The assertion of a set-off against the amount owed is not a defense, but is a claim for affirmative relief. *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 484 (5) (445 SE2d 297) (1994); see *Mitchell v. W. S. Badcock Corp.*, 230 Ga. App. 352, 353 (1) (496 SE2d 502) (1998). Because Richard Stewart has not affirmatively asserted his set-off claim as a counterclaim, there is no genuine issue of material fact as to the amount of the alleged set-off in the suit on the promissory note. Id.; see also *Russell v. KDA, Inc.*, 206 Ga. App. 397, 399-400 (4) (425 SE2d 406) (1992).

Richard Stewart contends, however, that he should not be barred from asserting his alleged set-off claim as a defense because he is prohibited from filing it as a counterclaim due to his pending suit in Greene County Superior Court. See generally OCGA § 9-2-5 (a). This argument is not persuasive. We cannot conclude from the record that an injustice will result from following the rules of law applicable to this case. Cf. *Brunson v. Bridges*, 130 Ga. App. 102, 104 (1) (202 SE2d 553) (1973). Richard Stewart is free to pursue his claims in the suit pending in Greene County Superior Court.

Moreover, John Stewart originally filed his claim on the promissory note as a permissive counterclaim, but Richard Stewart and Beth Crichlow filed a motion seeking to dismiss or transfer it. A consent order subsequently was entered transferring the counterclaim from Greene County Superior Court to Hall County Superior Court. Thus, Richard Stewart's own trial strategy was instrumental in creating the procedural dilemma which he now faces. A party cannot complain of a verdict, judgment, ruling or order that his own legal

strategy, trial procedure or conduct aided in causing. See *Perry v. Rosenbaum*, 205 Ga. App. 784, 790 (4) (423 SE2d 673) (1992). The trial court did not err as enumerated.

2. John Stewart's motion for imposition of a penalty for frivolous appeal is denied.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED FEBRUARY 9, 1999.

*Hartness & Link, Frederick E. Link*, for appellant.
*Chambless, Higdon & Carson, Kim H. Stroup, Thomas F. Richardson, Peter J. Rice, Jr.*, for appellee.