## A99A0993. JORGENSEN v. ALSOP.
(524 SE2d 272)

PHIPPS, Judge.
This case is about whether an oral settlement agreement should have been enforced.

Robert Jorgensen and Victoria Alsop moved from Nevada to Augusta, Georgia. Jorgensen purchased and furnished a residence there and granted Alsop one-half interest in the home. When the relationship soured, Alsop returned to Nevada and Jorgensen sued her for partition in equity, demanding title to the Augusta residence and furnishings. Jorgensen also sought a restraining order against Alsop and her 17-year-old son, Tariq, who had been staying at the Augusta residence. Negotiations resulted in an oral agreement resolving all issues except the question of a restraining order against Tariq Alsop. Jorgensen and Alsop agreed that issue would be submitted to the court for resolution.

Jorgensen appeals the trial court's order enforcing the oral settlement agreement. He claims that the settlement agreement was not enforceable because it was ambiguous and did not resolve all the issues between the parties. He also claims that the court improperly retained jurisdiction. Because we hold that the parties reached an enforceable settlement agreement and that the trial court did not retain jurisdiction, we affirm.

At the conclusion of the settlement negotiations, Alsop executed a quitclaim deed conveying her interest in the Augusta residence to Jorgensen. The deed was to be delivered when a final order was signed by the court. Also, consistent with the terms of the oral settlement agreement, Alsop mailed Jorgensen an airline ticket he had purchased for her. Jorgensen delivered to his attorney a check for $1,000 payable to Alsop, as required by the settlement agreement.

Subsequently, Jorgensen noticed Alsop for a deposition. She moved to quash the notice and filed a motion to enforce the oral settlement agreement. The trial court held an evidentiary hearing and issued a final order granting Alsop's motion and incorporating the terms of the oral settlement agreement.

1. The trial court found that the evidence was clear and convincing that an oral settlement agreement had been reached by the parties and therefore was enforceable.[1] At the evidentiary hearing, Jorgensen admitted that he and Alsop had reached agreement on all issues during their settlement conference, except the issue of the restraining order against Tariq Alsop.

Thus Jorgensen contends that the oral agreement was rendered unenforceable because it did not resolve all the issues between the parties. He cites *DeGarmo v. DeGarmo*[2] for the proposition that a purported settlement agreement is unenforceable if it provides for issues to be resolved in the future. Similarly, Jorgensen relies on *Reichard v. Reichard*[3] for the principle that no agreement exists until all essential terms have been agreed to.[4]

The record of the settlement negotiations contains no indication that Jorgensen's consent was conditioned on a particular resolution of the restraining order issue as it pertained to Tariq Alsop. Tariq Alsop was a minor at the time the initial complaint for a restraining order was filed; he was an adult when the settlement negotiations were held between Jorgensen and Alsop. He was never a party to the litigation nor the settlement negotiations. These parties had no legal power to reach an agreement regarding the disposition of a restraining order against Tariq Alsop, and they knew that. Apparently for that reason, they noted in their discussions that the restraining order was a matter for the court to decide, and that the attorneys would "conference" with the court concerning it.

The transcript of the settlement agreement shows, however, that it was intended by both parties to be a final disposition of all other matters:

---

[1] *LeCroy v. Massey*, 185 Ga. App. 828 (366 SE2d 215) (1988).
[2] 269 Ga. 480 (1) (499 SE2d 317) (1998).
[3] 262 Ga. 561, 564 (2) (423 SE2d 241) (1992).
[4] Id.

[Jorgensen's attorney]: And [you] understand the agreement that's been reached between the parties to settle all of these issues — all the stuff we discussed earlier and the court reporter has taken down?
Alsop: And there won't be any coming back later and about these rings or any — all of this is taken care of?
[Jorgensen's attorney]: No this settles all matters.
Alsop: Ok.

The trial court noted that Jorgensen and Alsop had taken actions in reliance on the settlement agreement, such as Alsop's execution of the quitclaim deed and delivery of the airline tickets to Jorgensen, and Jorgensen's delivery of the $1,000 check payable to Alsop. The trial court did not address whether these actions may have estopped the parties from challenging the oral agreement, but they are evidence that both Alsop and Jorgensen considered the oral agreement to be final.

The trial court did not err by enforcing the oral settlement agreement.

2. We have reviewed the transcript of the oral agreement and the court's order enforcing it, and we find no merit in Jorgensen's claim that the oral settlement agreement was too ambiguous to be enforced.

3. Jorgensen claims that the trial court impermissibly retained jurisdiction over this matter, citing *Heard v. Vegas*.[5] *Heard*, which involved the right of a mother to remove her minor child from this state, is not on point. The trial court's order here provides only "that the parties shall have the right to conduct a conference with the Court on the Restraining Order issue involving Defendant's son." There is nothing in the order that would authorize a finding that the trial court "retain[ed] ongoing jurisdiction over the matter for an indefinite period of time," as Jorgensen claims. Therefore, we find no error.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 29, 1999.

*J. Wade Padgett*, for appellant.

---

[5] 233 Ga. 911 (1) (213 SE2d 873) (1975).

 

*Fleming, Blanchard, Jackson & Durham, Mildred K. Jackson,* for appellee.