## A03A1903. CARDEN v. CARDEN.
(596 SE2d 686)

JOHNSON, Presiding Judge.

This case is a continuation of a family dispute involving assets of Lois Carden. Lois Carden was previously held incompetent, with the result that various deeds she executed were set aside by the court in a separate suit between Robert Carden and Elvis Carden, Lois Carden's sons. A consent order entered into in 1998 dissolved Robert Carden's responsibility for the management of Lois Carden's affairs and placed certain duties on each party, including a duty for Robert Carden to pay Lois Carden $250 per month for as long as she lives. The same order also involved the transfer of real properties between the parties. Lois Carden has apparently now regained her competence and is no longer under the court-ordered guardianship.

Lois Carden filed this contempt action against Robert Carden, claiming he was past due on monthly payments due to her under the 1998 order. She also claimed Robert Carden had refused to deliver title to a specific piece of property, as required by the 1998 order. Robert Carden denied that he owed any money and counterclaimed, urging the court to find Lois Carden in contempt for refusing to subordinate her interest in a second piece of property, as required by the 1998 order.

Following a hearing, the trial court found that Lois Carden's credibility was undermined and that she was guilty of "unclean hands" and could not invoke the equitable remedy of contempt with respect to Robert Carden's failure to deliver title to a specific piece of property as required by the 1998 order. With respect to the monthly payments owed under the 1998 order, the trial court found that Robert Carden was not guilty of contempt. The court further found

that Robert Carden was entitled to a set-off against the monthly amount he owed Lois Carden for payments he made for Lois Carden's debts. The trial court then instructed the attorneys to report back to the court what documents were necessary to complete all transfers of real property as ordered in 1998.

Lois Carden contends the trial court erred in considering Robert Carden's counterclaim for contempt, in allowing Robert Carden a set-off for amounts owed under the 1998 order, in attempting to enforce the 1998 order, and in modifying the 1998 order. Lois Carden does not appeal the trial court's finding that Robert Carden was not in contempt of the 1998 order, and therefore the issue of Robert Carden's purported contempt is not before this Court.

1. Lois Carden argues that the trial court erred in considering Robert Carden's counterclaim for contempt because a counterclaim cannot be filed in response to a motion for contempt. We are constrained to agree.

The contempt remedy is part of the judiciary's inherent power to enforce its orders.[1] As such, an action for contempt is ancillary to the primary action and is characterized as a motion and not a pleading.[2] Because a contempt action is not a new civil action, many provisions of the Civil Practice Act do not apply, and the Supreme Court of Georgia has consistently held that a party may not file a counterclaim in response to a motion for contempt.[3] While it would seem in the interest of judicial economy that the trial court could treat the counterclaim as a separate motion for contempt, Robert Carden has not cited any authority, and we can locate no authority, permitting the trial court to treat the counterclaim in this manner. Therefore, it was error for the trial court to consider Robert Carden's counterclaim in the context of Lois Carden's motion for contempt. Robert Carden must file a separate action for contempt. The trial court's order as it relates to Robert Carden's counterclaim to hold Lois Carden in contempt for failing to subordinate her interest in a piece of property, as well as the trial court's efforts in its order to make Lois Carden comply with the 1998 order, are hereby reversed.

2. Lois Carden also argues that the trial court erred in allowing Robert Carden a set-off against his arrearages for expenses he incurred which were not addressed in the 1998 order. We agree with Lois Carden's analysis that a plea for set-off is a plea for affirmative

---

[1] See *In re Siemon*, 264 Ga. 641 (1) (449 SE2d 832) (1994).

[2] See *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996); *Phillips v. Brown*, 263 Ga. 50, 51 (2) (426 SE2d 866) (1993).

[3] See *Baer v. Baer*, 263 Ga. 574, 575 (1) (436 SE2d 6) (1993); see also *Brown*, supra; *Phillips*, supra.

relief and not a defense.[4] The case of *Baer v. Baer*[5] is directly on point and precludes assertion of a claim for set-off made in a counterclaim to a motion for contempt. On the other hand, a judgment which is right for any reason will be affirmed.[6]

A close reading of the trial court's order of December 13, 2002, reveals that the court did not award Robert Carden any money on his claim for set-off. The court does mention the set-off and says that "therefore" the respondent is not in contempt. But the court later says that Lois Carden was "guilty of unclean hands" and therefore "not entitled to invoke the equitable remedy of contempt." This independent ground for the court's declining to find Robert Carden in contempt does not depend on the claimed set-off, but on defenses legitimately raised in Robert Carden's answer. The trial court ruled that Robert Carden was not in contempt, and Lois Carden does not appeal that finding. Therefore, we affirm that portion of the judgment, which renders this enumeration of error moot.

3. Lois Carden contends the trial court improperly modified the 1998 judgment. However, the 2002 order merely clarified, rather than modified, the prior order.[7] The portions of the 2002 order appointing an escrow agent and apportioning costs were well within the court's discretion in enforcing its order.[8] But, as we stated in Division 1, the court presumably would not have required Lois Carden's counsel to prepare real estate documents if the court had not considered the affirmative counterclaims brought by Robert Carden. Thus, those portions of the order which mandate future action, as distinguished from those finding Robert Carden not to be in contempt, must be reversed.[9]

4. Lois Carden contends the trial court erred in attempting to enforce the 1998 order because that order had been nullified by a 2001 order. However, this enumeration of error is confusing because Lois Carden initiated the present action by arguing that Robert Carden was in contempt of the 1998 order — the order she suddenly claims was nullified. Lois Carden cannot have it both ways. She cannot argue that Robert Carden is in contempt of the 1998 order, and at the

---

[4] See *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 484 (5) (445 SE2d 297) (1994); see also *Stewart v. Stewart*, 236 Ga. App. 348, 349 (1) (511 SE2d 919) (1999).

[5] Supra.

[6] See *Jones v. Trussell*, 221 Ga. 271, 273 (144 SE2d 344) (1965).

[7] See *Opatut v. Guest Pond Club*, 254 Ga. 258, 260 (5) (327 SE2d 487) (1985) (court may clarify but not modify orders).

[8] Id.

[9] See *Davis v. Davis*, 230 Ga. 33 (195 SE2d 440) (1973).

same time argue that she cannot be held in contempt of the 1998 order because it has been nullified.

Moreover, a review of both the 1998 and 2001 orders reveals that the 2001 order does not nullify the 1998 order. The 2001 order merely sets aside certain transactions because, at the time, Lois Carden did not possess the mental capacity to enter into the transactions. The 2001 order does not refer to the 1998 order and, certainly, does not nullify the 1998 order. This enumeration of error lacks merit.

*Judgment affirmed in part and reversed in part. Eldridge, J., concurs. Mikell, J., concurs specially.*

MIKELL, Judge, concurring specially.

Although Division 1 of the majority opinion is completely correct, I write separately to urge our Supreme Court to reconsider the traditional Georgia rule that counterclaims are not permitted in response to motions for contempt. The original rule was more narrow than today's seemingly blanket prohibition. The leading case, *Davis v. Davis*,[10] explained in 1973 that, although the Civil Practice Act of 1966 had liberalized Georgia's treatment of counterclaims and cross-claims, the liberalization did not extend to motions for contempt.[11] In *Davis*, the divorce decree had awarded custody of a child to the mother with a right of visitation in the father. Later, the mother moved to hold her ex-husband in contempt of court for his failure to return the couple's child to her after a visitation period. The father counterclaimed for a change of custody. Justice Nichols wrote that the contempt motion was not

> tantamount to the filing of a complaint wherein the movant submits to the venue of the court. Thus, . . . where, as in the present case, the movant is shown not to be a resident of the county wherein the contempt citation is filed, the court is without jurisdiction to consider a counterclaim or cross complaint to modify a prior judgment granting custody of a child.[12]

The *Davis* court was on firm ground in refusing to treat a post-judgment motion for contempt like an original complaint. A person who files a complaint submits to the jurisdiction of the court, waives any objection to venue, and, pursuant to OCGA § 9-11-5,

[10] 230 Ga. 33 (195 SE2d 440) (1973).

[11] Id. at 34.

[12] Id. at 34 (2). OCGA § 19-9-1 (b) permits a counterclaim for modification of visitation, but not custody. See *Blalock v. Blalock*, 247 Ga. 548 (277 SE2d 655) (1981); *Sampson v. Sampson*, 240 Ga. 118 (239 SE2d 519) (1977). The rule in *Davis* does not invalidate a counterclaim to a petition to modify. *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983); *Heard v. Vegas*, 233 Ga. 911 (213 SE2d 873) (1975). *Buckholts*, on which the trial court relied in the case at bar, is inapposite.

agrees that service of all subsequent pleadings, including counter-claims, may be made in person or by ordinary mail to him or his attorney. For sound policy reasons, the Supreme Court has refused to transfer any of the attributes of a complaint to a motion for contempt.[13] In a major decision reaffirming *Davis*, two concurring justices worried that, if counterclaims were permitted in contempt actions, a husband might strategically stop paying alimony or child support so as to force an ex-wife, who was not otherwise subject to the jurisdiction of the court, to file a contempt action, thereby enabling the delinquent spouse to counterclaim for modification.[14] These justices argued that a rule permitting counterclaims would encourage parties to disregard court orders.[15]

But the original rule, based solidly on considerations of jurisdiction, venue and service of process, has been repeated so frequently that its rationale has been forgotten. It is now applied automatically even in situations, such as the case at bar, where it leads to a dilatory result. The judgment which both parties seek to enforce was entered, by consent, in Douglas County Superior Court in 1998. The plaintiff in that action brought the present contempt proceeding. The defendant counterclaimed, asking that the plaintiff, his mother, be held in contempt. He did not bring a counterclaim seeking to modify the prior judgment. It has long been the rule in Georgia that courts look to the substance of a writing and not to its title.[16] The trial court had before it, in essence, two motions for contempt. It dealt with them and did complete justice between the parties, just as equity is supposed to

---

[13] *Phillips v. Brown*, 263 Ga. 50, 51 (2) (426 SE2d 866) (1993) (error to allow DHR to institute new civil action to enforce by contempt a temporary order in a pending civil action); *Opatut v. Guest Pond Club*, 254 Ga. 258 (327 SE2d 487) (1985) (motion for contempt may not be amended to assert a new cause of action for money damages); *Greer v. Heim*, 248 Ga. 417 (284 SE2d 11) (1981) (service of process on attorney for movant not allowed); *Steelman v. Fowler*, 234 Ga. 706, 707 (1) (217 SE2d 285) (1975) (personal service on movant not allowed while she was present in jurisdiction only for the contempt hearing); *McNeal v. McNeal*, 233 Ga. 836 (213 SE2d 845) (1975) (motion for contempt does not give subject matter jurisdiction for counterclaim nor cure improper venue); *Fernandez v. Fernandez*, 232 Ga. 697, 698 (2) (208 SE2d 498) (1974) (motion for contempt does not bestow jurisdiction when "movant [not] shown . . . to be a resident of the county wherein the contempt citation is filed"). See also *Hines v. Hines*, 237 Ga. 755, 756 (1) (229 SE2d 744) (1976) (findings of fact and conclusions of law not required because motion for contempt is not a complaint).

[14] *McNeal*, supra at 838 (Hill, J., concurring specially). Two justices dissented in *McNeal*, arguing that the rule of *Davis* is an "absurdity which prevents a court having jurisdiction of the parties and the subject matter from adjudicating all issues between the parties." Id. at 838 (Jordan, J., dissenting).

[15] Id.

[16] See *Parker v. Eason*, 265 Ga. 236, 237 (454 SE2d 460) (1995); OCGA § 9-11-8 (f); *Hayes v. Superior Leasing Corp.*, 136 Ga. App. 98, 100 (220 SE2d 86) (1975) ("The cases are too numerous to cite in full which hold that there is no magic in the nomenclature given a pleading, but it is the substance of the pleadings that determines its nature.").

do.[17] There is nothing in the record to show that the first movant was a nonresident such that the second movant could acquire jurisdiction and venue only by a counterclaim. The parties apparently have lived in uneasy proximity to one another, in the same county or nearby counties, since long before 1998. The respondent, the son, could have denominated his "Counterclaim for Contempt" as a "Motion for Contempt" and this lengthy litigation could have come to an earlier conclusion. Because of nomenclature and technicalities, we are constrained to apply the rule in *Davis* and to remand so that this 1998 litigation, resolved competently by an experienced trial judge in 2002, can again be expensively litigated in 2004. A procedural technicality should not prohibit a court of equity from dispensing justice.

The rule enunciated in *Davis* should be confined to its original rationale and wording. The original rule applied only when the movant for contempt was shown by the record not to be a resident of the county where the contempt motion was brought *and* when the counterclaim sought *to modify* the prior judgment.[18] A counterclaim to a motion for contempt should be freely allowed when, as here, it is also a motion for contempt and seeks *to enforce* the prior judgment. Any other rule works the "absurdity" which was described by Justices Jordan and Hall in their dissent in *McNeal*.[19] Nonetheless, so long as their view remains the minority view, we are obliged to follow *Davis* as it has been expanded and extended over the years.

DECIDED MARCH 8, 2004.

*Robert L. Mack, Jr.*, for appellant.
*Donald F. Defoor*, for appellee.

---

[17] OCGA § 23-1-7; *Brown v. Brown*, 271 Ga. 887 (525 SE2d 359) (2000).
[18] *Davis*, supra at 34.
[19] *McNeal*, supra at 838.