A04A0431, A04A0614. GILCO INVESTMENTS, INC. et al.
v. STAFFORD CORDELE, LLC; and vice versa.
(598 SE2d 889)

ANDREWS, Presiding Judge.

In this lease dispute, Gilco Investments, Inc. (Gilco), assignee of the original lessee, and its guarantors[1] appeal in Case No. A04A0431 from the trial court's grant of summary judgment to Stafford Cordele, LLC (Stafford), successor in interest of the original lessor. In Case No. A04A0614, Stafford appeals from that order on the ground that,

---

[1] Parker Cook, Jason Palmer, and Paul Giles, Jr.

although supported by evidence, part of its damages were not awarded. They are consolidated for purposes of this appeal.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant." (Footnote omitted.) *Smith v. Bulloch County Bd. of Commrs.*, 261 Ga. App. 667 (583 SE2d 475) (2003).

On August 5, 1997, JDN Realty Corporation (JDN) and Fit for Feet, Inc. signed a five-year lease agreement, pursuant to which Fit for Feet was going to open an Athlete's Foot shoe store in a JDN-owned shopping center. On September 21, 1998, Fit for Feet, with the consent of JDN, assigned this lease to Gilco. As part of this assignment, Cook, Palmer, and Giles personally guaranteed to JDN the rental obligations of Gilco.

On April 20, 2000, with the consent of JDN, Gilco assigned its rights under the lease to Hurricane Group, Inc. (Hurricane). Thomas Rachels, president of Hurricane, personally guaranteed the rental payments of Hurricane.

Stafford purchased all of JDN's interests in the property, lease agreement, and guaranties. Hurricane defaulted on the lease in September 2001, and the property was not relet to a third party until July 15, 2002.

In March 2002, Stafford filed its complaint against Gilco, Cook, Parker, Giles, Hurricane, and Rachels seeking damages for the breach. On November 14, 2002, Gilco, Cook, Palmer, and Giles served Requests to Produce and Interrogatories on Stafford. During this period, the parties were engaged in settlement discussions, as a result of which Stafford did not timely respond to the discovery requests, and these defendants did not file a motion to compel.

On April 8, 2003, Stafford responded to the Requests and Interrogatories, including the names of its employees with knowledge of the case, and filed its motion for summary judgment.

Although depositions of Stafford's employees were scheduled by agreement for August 28, 2003, the trial court set the hearing on Stafford's motion for summary judgment for August 11, 2003. At that hearing, Gilco, Cook, Palmer, and Giles filed their motion for continuance pursuant to OCGA § 9-11-56 (f). The motion was denied and summary judgment was granted.

## Case No. A04A0431

1. In their first enumeration of error, Gilco, Cook, Palmer, and Giles contend that the trial court erred in denying their motion for continuance to allow for the depositions of Stafford's employees.

We have held that "[t]he grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. *Smith v. Davis*, 121 Ga. App. 704, 705 (175 SE2d 28) [(1970)]. This applies in summary judgment proceedings. [OCGA § 9-11-56 (f).]" *Calcutta Apts. Assoc. v. Linden & Deutsch*, 131 Ga. App. 743, 744 (206 SE2d 559) (1974).

OCGA § 9-11-56 (f) provides, "[s]hould it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just." See *Kiker v. Pinson*, 120 Ga. App. 784 (172 SE2d 333) (1969). Under OCGA § 9-11-56 (f), the movant must set forth the reasons for a continuance and show that if the continuance were granted, what relevant and material evidence would be produced in opposition to the motion for summary judgment. See *NationsBank, N.A. v. South-Trust Bank &c.*, 226 Ga. App. 888, 895 (2) (487 SE2d 701) (1997).

In their affidavit in support of their motion for continuance, Gilco and its guarantors merely state that, since the service of the Interrogatories and Request for Production on November 14, 2002, settlement negotiations had taken place and that, on April 8, 2003, responses to the discovery requests were made, giving Gilco and its guarantors "the identities of its employees [of Stafford] with knowledge of the facts of this dispute." No information, however, is provided to indicate any relevant and material evidence which could be obtained from these employees. *JarAllah v. Schoen*, 243 Ga. App. 402, 406 (4) (531 SE2d 778) (2000).

This dispute, in fact, involved written leases and assignments which were not alleged to be ambiguous in any way. It is unclear what possible evidence employees of Stafford could provide to affect the intent of these documents. Compare *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 877 (1) (575 SE2d 673) (2002) and *McCall v. Henry Medical Center*, 250 Ga. App. 679, 682 (2) (551 SE2d 739) (2001).

As noted by the trial court, this additional discovery was to relate to certain claimed set-offs[2] and would not affect the outcome of the motion for summary judgment because set-offs are not defenses, but

---

[2] This information is not in the affidavit in support of the motion for continuance and apparently was conveyed during the hearing, a transcript of which is not before us.

rather affirmative claims. *Stewart v. Stewart*, 236 Ga. App. 348, 349 (1) (511 SE2d 919) (1999); *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 484 (5) (445 SE2d 297) (1994). No counterclaim was made by Gilco and its guarantors or by Rachels, guarantor of Hurricane, and there could be no genuine issue of material fact as to the amount of any alleged set-off in Stafford's suit seeking unpaid rent.[3] *Stewart v. Stewart*, supra.

There was no clear abuse of discretion in the trial court's denial of the motion for continuance.

2. In their second enumeration, Gilco and its guarantors contend that the trial court erred in granting summary judgment to Stafford because issues of fact remain. The only factual issues pointed out, however, deal with the claimed set-off discussed in Division 1. These defendants having no such claim, there was no error.

Further, as pointed out by Stafford, Giles stated he was unaware of any defenses to the suit and that he had not been released from liability under the lease. Cook admitted that each one of the guarantors owed 100 percent of the obligation and he also was unaware of any defenses. Further, Cook individually and as corporate representative of Gilco, admitted that no payments were made by Gilco or the three guarantors after the assignment to Hurricane, guaranteed by Rachels. Palmer admitted that he was unaware of any fact which would support a defense.

Hurricane and Rachels admitted that the payments were not made after September or October 2001, that Rachels wrote a check for a portion of the amount due which was returned for insufficient funds, and that the amount still owed to Stafford is in the neighborhood of $22,000 to $24,000.

There was no error in granting summary judgment to Stafford.

## Case No. A04A0614

3. Stafford contends that the trial court erred in not including in the amount awarded the sum of $6,814.54, which represented rent not paid through and including November 2001. We agree.

Although the affidavit of Puckett, submitted in support of Stafford's motion, specifically included this amount, the trial court's order does not address it. It is not disputed that the monthly lease payment was $1,863.34 and that this amount was not paid for the months of September, October, and November 2001.

---

[3] The trial court denied summary judgment to Stafford as to Hurricane, which did file a counterclaim alleging a set-off.

Therefore, the trial court did err in not including this amount in the damages recoverable by Stafford from Gilco and its guarantors and, upon remand, the trial court shall so include this amount.

*Judgment affirmed in Case No. A04A0431. Judgment affirmed in part and reversed in part in Case No. A04A0614. Miller and Ellington, JJ., concur.*

DECIDED APRIL 22, 2004.

*Edwin T. Cotton, John C. Cotton,* for appellants.
*Spurlin & Spurlin, John C. Spurlin, Wright, Hyman & Pack, Thomas H. Hyman,* for appellee.