## A04A0134. HOFFMAN v. OXENDINE.
(601 SE2d 813)

PHIPPS, Judge.

David Hoffman filed a petition against the Insurance Commissioner of the State of Georgia, John Oxendine, under the Open Records Act (ORA).[1] Hoffman seeks to enforce compliance with a request for a copy of the report or other results of an investigation conducted by the Commissioner. The trial court determined that under the Georgia Insurance Code,[2] the Commissioner has discretion in determining whether to withhold the report from public inspection. Finding no abuse of discretion, the court awarded summary judgment to the Commissioner. We conclude that there was an abuse of discretion and reverse.

In February 2001, the Commissioner began an investigation of UNUMProvident Corporation and its subsidiaries and related companies (UNUM). That investigation was authorized by OCGA § 33-2-11 (a), which pertinently provides:

---

[1] OCGA § 50-18-70 et seq.
[2] OCGA § 33-1-1 et seq.

Whenever the Commissioner shall deem it expedient, he shall examine, either in person or by some examiner duly authorized by him, the affairs, transactions, accounts, records, documents, and assets of each insurer authorized to do business in this state and any other facts relative to its business methods, management, and dealings with policyholders.

Subsection (a) of OCGA § 33-2-14 authorizes the Commissioner to make a full written report of each examination made by him. Subsection (c) requires the Commissioner to furnish a copy of the proposed report to the person examined not less than 20 days prior to filing the report. If the person makes a timely request in writing, subsection (c) provides that the Commissioner shall grant a hearing with respect to the report and shall not file the report until after the hearing. After the report is filed, subsection (b) requires the report to be certified by the Commissioner or by the examiner in charge of the examination. Under subsection (d), "[t]he Commissioner may withhold from public inspection the report of any examination or investigation for so long as he deems it to be in the public interest or necessary to protect the person examined from unwarranted injury."

Where a request for access to public records is denied in whole or part, OCGA § 50-18-72 (h) requires the public officer or agency having control of such records to "specify in writing the specific legal authority exempting such record or records from disclosure, by Code section, subsection, and paragraph." OCGA § 50-18-72 (h) states that, except under limited circumstances inapplicable here, "[n]o addition to or amendment of such designation shall be permitted thereafter or in any proceeding to enforce the terms of [the ORA]."

In August 2002, UNUM was provided with a copy of the proposed report of the Commissioner's UNUM investigation pursuant to the requirements of OCGA § 33-2-14 (c). UNUM initially requested a hearing but later withdrew the request. In October 2002, Hoffman made a request to the Commissioner under the ORA for "a copy of the [r]eport or other results of the [m]arket [c]onduct [s]tudy prepared by the Insurance Commissioner . . . in connection with claims handling practices employed by UNUMProvident Corporation." Pursuant to the requirements of OCGA § 50-18-72 (h), the Commissioner responded by stating that additional fieldwork was necessary to "finalize the examination report," so that, under OCGA § 33-2-14 (c) and (d), it was not then subject to release.

In November 2002, Hoffman filed this suit to require the Commissioner to comply with his ORA request. Hoffman moved for summary judgment in February 2003, arguing that the report is a public record as defined in the ORA (OCGA § 50-18-70 (a)) and that it is not shielded from disclosure under any exemption provision of the

ORA (OCGA § 50-18-72) relied on by the Commissioner. In March 2003, the Commissioner signed an order finding it necessary for the protection of Georgia consumers to place UNUM on regulatory probation until March 19, 2005; continuing the Commissioner's examination of UNUM through that date; and fining UNUM $1,000,000. The Commissioner opposed Hoffman's motion for summary judgment and filed a cross-motion for summary judgment, citing the March 2003 order and arguing that the report is thus exempt from disclosure under OCGA § 50-18-72 (a) (4) (exempting records of regulatory agencies in any pending investigation), as well as under OCGA § 33-2-14 (c) and (d). In opposing the Commissioner's motion for summary judgment, Hoffman argued that his ORA request was not limited to the report itself but also included supporting documentation.

After conducting a hearing in May 2003, the trial court denied summary judgment to Hoffman and awarded summary judgment to the Commissioner. The court rejected the argument that in his request to the Commissioner, Hoffman had asked for any documents supporting the results of the investigation as well as "a copy of the report or other results" of the investigation. Pursuant to OCGA § 50-18-72 (h), the court refused to consider whether the report is exempt from disclosure under any legal authority other than OCGA § 33-2-14 (c) and (d), because that was the only legal authority cited by the Commissioner in his response to Hoffman's ORA request. The court ruled that although OCGA § 33-2-14 (c) is inapplicable here, OCGA § 33-2-14 (d) authorizes the Commissioner to refuse to release the report "for so long as he deems it [to be] in the public interest." The Commissioner argued that release of the report would not be in the public interest because (1) the investigation is ongoing, and (2) it is the general policy of the Commissioner to work with insurers to resolve matters by giving them a preliminary review of reports so they can attempt to reach some resolution before the reports are disclosed to the public. The court noted that the Commissioner had made no determination as to whether release of this particular report would be appropriate. Although the court refused to uphold the Commissioner's refusal to release the report because of the pendency of the investigation, the court determined that in refusing to release the report based on his general policy of not releasing any report until the insurer has had an opportunity to review it, the Commissioner had not abused his discretion.

1. In his ORA request to the Commissioner, Hoffman asked for "a copy of the report or other results of" the investigation. As found by the trial court, this request would include any documentation of the results of the investigation; but it would not include documents supporting the investigation results.

2. Under OCGA § 50-18-72 (h), the trial court did not err in ruling that in opposing Hoffman's ORA request in this proceeding, the Commissioner can rely only on the legal authority he specified in his response denying the request.

3. Consistent with that ruling, the Commissioner may have been authorized to deny the request under OCGA § 33-2-14 (d) on the ground that nondisclosure is in the public interest or necessary to protect the subject of the examination from unwarranted injury at this time. But the Commissioner was not authorized to deny the request under OCGA § 50-18-72 (a) (4) based only on the pendency of the investigation.

Here, the Commissioner gave two reasons for determining that release of the report would not be in the public interest. The pendency of the investigation was the first reason provided. That reason cannot be considered because it was not relied on by the Commissioner in his response denying Hoffman's request. The second reason provided by the Commissioner was his general policy of not releasing investigation reports until the subject of the investigation has had an opportunity to review the report and resolve the matter. But UNUM was given that opportunity. UNUM was given a copy of the draft report but then withdrew its request for a hearing. Consequently, we agree with Hoffman that the Commissioner's refusal to disclose the report cannot be upheld as an authorized exercise of discretion based on the reasons provided by the Commissioner for denying the request.

Therefore, the trial court erred in concluding that the Commissioner had not abused his discretion in denying Hoffman's ORA request.

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JULY 2, 2004.

*Frankel & Associates, Craig M. Frankel, Tamisa N. Wertz*, for appellant.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Sidney R. Barrett, Jr., Senior Assistant Attorney General, Samantha M. Rein, Assistant Attorney General*, for appellee.

*Eastman & Apolinsky, Stephen D. Apolinsky*, amicus curiae.