A05A1161. WILSON et al. v. EDWARD DON & COMPANY.
(622 SE2d 18)

MILLER, Judge.

Earl Wilson appeals from a grant of summary judgment to Edward Don & Company (Edward Don) for money due, interest, and attorney fees in connection with Wilson's account with Edward Don for restaurant supplies. We find no error and affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the evidence shows that on November 12, 1999, Wilson executed a credit application on behalf of Greenville Shrage Company & Investments, d/b/a King Franchise, Inc. (Greenville Shrage), with Edward Don. The application included a Terms Agreement as well as an Individual Personal Guaranty, which promised "prompt payment and performance when due of any indebtedness or obligations owed by applicant to [Edward] Don." The agreement also provided that in cases of nonpayment, Edward Don would recover attorney fees as well as 12 percent annual interest. Over the next two years, Wilson received food service equipment and supplies worth $57,322.45 from Edward Don without paying for them.

Edward Don then brought suit for money owed under the agreement and on account, including interest and attorney fees. Wilson filed a verified answer denying the obligations, and alleging that " 'Greenville Shrage & Invest' is not [a] company or a dba of Defendant and is instead a mistake by Plaintiff in its book keeping."

Edward Don then moved for summary judgment on the basis of an affidavit from its legal coordinator, Rita Trotter, avowing that the account was overdue in the amount of $45,855.21. The account statement attached to the Trotter affidavit showed, however, that the amount due was actually $57,322.45. Pointing to this inconsistency, Wilson moved for a continuance to conduct additional discovery. After Edward Don filed an amended affidavit correcting the error, the trial court denied Wilson's motion and granted summary judgment to Edward Don for $57,322.45 plus interest and attorney fees. Wilson contends on appeal that the trial court erred when it granted Edward Don summary judgment and when it denied Wilson's motion for a continuance.[1]

1. Wilson first contends that he is not responsible for the Greenville Shrage account. We disagree.

Here, the first page of the credit application names the firm entering into the contract as "Greenville Shrage Co. & Investments . . . (DBA) King Franchise, Inc." Wilson signed this part of the contract as well as the guaranty. Wilson's verified answer identified him "[i]ndividually and d/b/a GREENVILLE SHRAGE COMPANY & INVEST. d/b/a KING FRANCHISE, INC." Thus the contract sufficiently identifies Wilson as the debtor and is enforceable against him. See *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 482-483 (1) (445 SE2d 297) (1994) (summary judgment properly granted to creditor where debtor claimed that he had not seen guaranty page of contract until after he had signed addendum to guaranty).

2. Wilson next contends that a material issue of fact remains concerning the extent of his indebtedness. We disagree.

The tender of an authenticated invoice, along with testimony that the invoice remains unpaid, is prima facie evidence of a suit on account. *Imex Intl. v. Wires Engineering*, 261 Ga. App. 329, 332 (1) (a) (583 SE2d 117) (2003). Here, although the text of Trotter's original affidavit stated the amount due incorrectly, that amount appeared on the face of the attached account statement, and was authenticated and confirmed by Trotter's amended affidavit. Although Wilson's affidavit asserted that "to the best of [his] knowledge[,]" the debt had been paid by a third party, Wilson did not provide any evidence that Edward Don had in fact been paid. Thus he cannot show that a genuine issue of fact remains concerning the extent of his indebtedness. See *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (2) (388 SE2d 43) (1989) ("Generalized arguments amounting to mere

---

[1] Edward Don's motion for penalties and damages against Wilson for filing a frivolous appeal is hereby denied.

conclusions have no probative value to pierce the facts presented by the movant for summary judgment.") (citation omitted).

3. Finally, Wilson argues that the trial court abused its discretion when it denied his motion for a continuance to conduct further discovery. Again, we disagree.

OCGA § 9-11-56 (f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just.

A party moving for a continuance under this subsection "must set forth the reasons for a continuance and show that if the continuance were granted, what relevant and material evidence would be produced in opposition to the motion for summary judgment." (Citation omitted.) *Gilco Investments v. Stafford Cordele, LLC*, 267 Ga. App. 167, 169 (1) (598 SE2d 889) (2004).

Here, Wilson's affidavit failed to specify any information that he could possibly obtain to dispute the debt owed to Edward Don. Thus the trial court did not abuse its discretion when it denied his motion for a continuance. *Gilco Investments*, 267 Ga. App. at 169-170 (1) (where documents setting out debt were unambiguous, trial court did not abuse discretion in denying defendant's motion for continuance supported only by affidavit avowing need for further discovery from witnesses).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2005 —
RECONSIDERATION DENIED OCTOBER 13, 2005.

*Weizenecker, Mottern & Fisher, Stephen G. Weizenecker, Abdollah Ammari, Susan B. Shaw*, for appellants.

*Stokes, Lazarus & Carmichael, Marion B. Stokes, Rachel Humphrey*, for appellee.