A08A0387. YASMINE'S ENTERTAINMENT HALL et al. v. CITY OF MARIETTA.
(663 SE2d 741)

ANDREWS, Judge.

We granted Nazareth, LLC, Yasmine's Entertainment Hall & Shadia's Restaurant, LLC, and Waleed Jaraysi's (collectively, "Jaraysi") application for discretionary appeal from an order of the superior court dismissing their appeal from a municipal court order. The superior court dismissed the appeal because Jaraysi filed a direct

---

appeal instead of petitioning for a writ of certiorari. Because OCGA § 41-2-9 (d) applies in this case and provides for a direct appeal from the municipal court's order, we reverse.

This case arose when the City of Marietta filed a request for the demolition of Jaraysi's property under City Code of Marietta § 10-8-60 and OCGA § 41-2-5 et seq. Following a hearing, the municipal court entered the demolition order.

Jaraysi filed a direct appeal in the superior court under OCGA § 41-2-9 (d), which provides: "Where the abatement action does not commence in the superior court, review of a court order requiring the repair, alteration, improvement, or demolition of a dwelling, building, or structure shall be by direct appeal to the superior court under Code Section 5-3-29." The City filed a motion to dismiss the appeal, claiming that Jaraysi's sole method of appeal was by petition for a writ of certiorari as provided by OCGA §§ 15-6-8 and 5-4-1.[1]

The superior court granted the City's motion, concluding that OCGA § 41-2-9 (d) applies only if the municipality's nuisance ordinance was created under OCGA § 41-2-9 (a).[2] Because Marietta's nuisance ordinance pre-dates OCGA § 41-2-9 (a), the superior court concluded that OCGA § 41-2-9 (d) does not govern the appellate procedure applicable in this case.

In reaching its conclusion that OCGA § 41-2-9 (d) did not apply to this case, the superior court relied on OCGA § 41-2-17, which provides:

> Ordinances relating to the subject matter of Code Sections 41-2-7 through 41-2-16 and this Code section adopted prior to July 1, 2001, shall have the same force and effect on and after said date as ordinances adopted subsequent to and by authority of these Code sections.

The City argued below and on appeal that OCGA § 41-2-17 demonstrates that the City's ordinance is to be unaffected by the new

---

[1] OCGA § 15-6-8 gives superior courts authority to review the judgments of municipal courts and OCGA § 5-4-1 provides that parties seeking to appeal these judgments may petition the superior court for a writ of certiorari.

[2] That Code section states:
In addition to any other remedies or enforcement mechanisms available, upon the adoption of an ordinance finding that dwelling, building, or structure conditions of the character described in Code Section 41-2-7 exist within a county or municipality, the governing body of such county or municipality is authorized to adopt ordinances relating to the dwellings, buildings, or structures within such county or municipality which are unfit for human habitation or commercial, industrial, or business uses and not in compliance with applicable codes, which are vacant and being used in connection with the commission of drug crimes, or which constitute an endangerment to the public health or safety as a result of unsanitary or unsafe conditions.

provisions of OCGA § 41-2-9.

But, there is no evidence that any City ordinance is affected by the provision for direct appeal. The City does not have an ordinance providing for appeals from the municipal court, and therefore there is no alteration or statutory override of any pre-existing nuisance ordinance under OCGA § 41-2-17.

"The 'golden rule' of statutory construction requires us to follow the literal language of the statute unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else." (Citation and punctuation omitted.) *City of Winder v. McDougald*, 276 Ga. 866, 869 (583 SE2d 879) (2003). "Where, as here, the language of a statute is plain on its face, judicial construction is not only unnecessary, but is forbidden." *Minnix v. Dept. of Transp.*, 272 Ga. 566, 571 (533 SE2d 75) (2000).

Moreover, this is a case in which there is a general statute that provides for appeals to superior court from decisions of municipal courts and a specific statute that carves out an exception to the general statute. The rule is that the specific statute will prevail over the general, "absent any indication of a contrary legislative intent, to resolve any inconsistency between them." See, e.g., *Berry v. City of East Point*, 277 Ga. App. 649, 654 (627 SE2d 391) (2006).

Here, the legislature, which is presumed to act with knowledge of existing law,[3] did not limit the application of OCGA § 41-2-9 (d). The statute is plain and unambiguous on its face. Accordingly, we will not read any limitation onto the plain meaning of the statute.

*Judgment reversed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED JUNE 3, 2008 —
RECONSIDERATION DENIED JUNE 20, 2008 —

*Wagner, Johnston & Rosenthal, S. Bradley Shipe*, for appellants.
*Haynie & Litchfield, Douglas R. Haynie, Daniel W. White*, for appellee.

---

[3] See, e.g., *Collins v. American Tel. &c. Co.*, 265 Ga. 37 (456 SE2d 50) (1995).