### A08A1188. JARAYSI et al. v. CITY OF MARIETTA.
(668 SE2d 446)

MIKELL, Judge.

Waleed Jaraysi, Nazareth, LLC, and Yasmine's Entertainment Hall & Shadia's Restaurant, LLC (collectively "appellants"), filed a petition to compel the City of Marietta ("Marietta") to comply with their request for documents under the Open Records Act (the "ORA").[1] They now appeal the trial court's ruling granting summary judgment to Marietta on their petition. For the reasons set forth below, we reverse the summary judgment ruling and remand the case to the trial court for further proceedings consistent with this opinion.

Properly viewed in favor of appellants,[2] the record reflects that appellants owned certain real property at 555 Commerce Avenue in

---

[19] See *Mann v. State*, 285 Ga. App. 39, 43 (2) (645 SE2d 573) (2007).

[1] OCGA § 50-18-70 et seq.

[2] *Wilson v. Edward Don & Co.*, 275 Ga. App. 787 (622 SE2d 18) (2005) ("On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to

Marietta (the "property"). Located on appellants' property was an unfinished building, construction of which had begun under a building permit issued, but later revoked, by Marietta. On March 15, 2007, Marietta filed a petition in the Municipal Court of Marietta (the "Demolition Action"), asserting that the unfinished building on appellants' property was unsafe and seeking an order for its demolition, which the municipal court eventually granted.[3]

While the Demolition Action was pending in municipal court, appellants made an open records request[4] upon Marietta on April 14, 2007, seeking to obtain the following records regarding the property: "all documents related to any approvals given by [Marietta] in connection with 555 Commerce Avenue, Marietta, Georgia, since January 1st, 2003, as well as all documents received in connection with any proposed or existing construction at that location." Appellants' counsel, C. David Johnston, testified by affidavit that Marietta did not respond to appellants' open records request until May 11, 2007. At that time, Marietta's counsel informed Johnston by telephone that Marietta would not respond to appellants' open records request, because "the request was pretrial discovery and . . . since the Demolition Action was a criminal matter, pretrial discovery was not permitted."

Unsatisfied with Marietta's response to their open records request, appellants filed a petition in the Superior Court of Cobb County on May 14, 2007, seeking to compel Marietta's compliance with appellants' open records request and seeking attorney fees and other relief.[5] On June 20, 2007, Marietta filed an answer and counterclaim, in which Marietta asserted that the records requested "are specifically exempted by OCGA § 50-18-72 and are not subject to inspection or production." Appellants served discovery pleadings on Marietta on July 3; Marietta responded to appellants' discovery pleadings on July 30; on August 1, appellants informed Marietta by letter of perceived deficiencies in Marietta's response to discovery; and on August 15, 2007, appellants moved to compel discovery.

---

judgment as a matter of law") (citation omitted). See also OCGA § 9-11-56.

[3] Appellants appealed the municipal court's demolition order to the Superior Court of Cobb County, which dismissed the appeal. This Court reversed the dismissal. *Yasmine's Entertainment Hall v. City of Marietta*, 292 Ga. App. 114 (663 SE2d 741) (2008).

[4] OCGA § 50-18-70 (b) ("All public records . . . , except those which . . . by law are prohibited or specifically exempted from being open to inspection by the general public, shall be open for a personal inspection by any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this privilege to any citizen").

[5] Appellants also sought a temporary restraining order staying the Demolition Action until 30 days after Marietta's compliance with appellants' open records request; however, the temporary restraining order was denied.

Meanwhile, on July 31, 2007, Marietta moved for summary judgment, asserting for the first time that the requested records were exempt from disclosure under OCGA § 50-18-72 (a) (4), because the Demolition Action was pending in the municipal court at the time appellants first submitted their open records request. On August 15, 2007, appellants filed a motion under OCGA § 9-11-56 (f) to deny or postpone Marietta's motion for summary judgment. The trial court did not rule on this motion. On September 13, 2007, the trial court granted summary judgment to Marietta,[6] without any mention of appellants' pending motion pursuant to OCGA § 9-11-56 (f).

On appeal, appellants challenge the trial court's grant of summary judgment in favor of Marietta, contending that the trial court erred in ruling that the documents sought were exempt from public disclosure under OCGA § 50-18-72 (a) (4); and that summary judgment in Marietta's favor was improper in any event, because Marietta violated the ORA by failing to respond in a timely manner to appellants' open records request.

1. Appellants contend that the documents sought were not exempted from disclosure as records of a pending criminal prosecution or investigation within the meaning of OCGA § 50-18-72 (a) (4).[7] We conclude that Marietta may not rely on this exemption because of its failure to cite it in a timely written response to appellants' open records request.

The ORA provides that, unless exempted, public records of governmental entities, including cities such as Marietta, "shall be open for a personal inspection by any citizen of this state."[8] Once an open records request is made, then under OCGA §§ 50-18-70 (f) and 50-18-72 (h), the public agency in control of the records must respond to the request within three business days.[9] If the public agency denies access to the requested records, then under the first sentence of OCGA § 50-18-72 (h), the denial must be in writing and must specify "the specific legal authority exempting such . . . records from disclosure, by Code section, subsection, and paragraph."[10] After

---

[6] Because the superior court did not rule on the counterclaim asserted by Marietta in its answer to appellants' open records petition, the case is still pending below.

[7] OCGA § 50-18-72 (a) (4) ("Public disclosure shall not be required for records that are: . . . [r]ecords of law enforcement, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity").

[8] OCGA § 50-18-70 (b).

[9] *Benefit Support v. Hall County*, 281 Ga. App. 825, 833 (7) (637 SE2d 763) (2006); *Wallace v. Greene County*, 274 Ga. App. 776, 783 (2) (618 SE2d 642) (2005).

[10] OCGA § 50-18-72 (h) ("Within the three business days applicable to response to a request for access to records under this article, the public officer or agency having control of such record or records, if access to such record or records is denied in whole or in part, shall

the public agency has denied the request and designated in writing the exemption (or exemptions) it relied upon to bar public disclosure, then under the second sentence of OCGA § 50-18-72 (h), the agency is not permitted to add to or amend the exemption thus designated, except under limited circumstances not applicable here.[11] Thus, where a public agency failed to designate the OCGA § 50-18-72 (a) (4) exemption in its initial response denying the open records request, it could not rely on that exemption in a later proceeding to compel compliance with the ORA.[12]

In the case at bar, Marietta cannot rely on the exemption set forth in OCGA § 50-18-72 (a) (4), because Marietta did not enumerate that exemption in compliance with the provisions of OCGA § 50-18-72 (h). First, the record indicates that Marietta did not respond to appellants' open records request within three business days. Second, its eventual response was not in writing; instead, the response was by telephone. Third, in its answer to appellants' ORA petition, Marietta's citation of OCGA § 50-18-72, without more, was insufficient, because Marietta failed to cite the subsection and paragraph relied upon, as required by OCGA § 50-18-72 (h). Not until July 31, 2007, in its motion for summary judgment, did Marietta specify that it denied access to the requested public records in reliance on the exemption found in OCGA § 50-18-72 (a) (4). Thus, in the case at bar, we cannot consider the exemption from disclosure found in OCGA § 50-18-72 (a) (4), because Marietta failed to rely upon it in a response to the open records request that complied with OCGA § 50-18-72 (h).[13]

2. Appellants assert that, because Marietta did not comply with the time restrictions for responding to appellants' open records request, Marietta violated the ORA and the trial court erred in granting summary judgment to Marietta. We agree.

As discussed in Division 1 above, once a request under the ORA is made, the statute requires the public agency in control of the requested records to respond within three business days.[14] Even if

---

specify in writing the specific legal authority exempting such record or records from disclosure, by Code section, subsection, and paragraph") (first sentence).

[11] OCGA § 50-18-72 (h) ("No addition to or amendment of such designation shall be permitted thereafter or in any proceeding to enforce the terms of this article; provided, however, that such designation may be amended or supplemented one time within five days of discovery of an error in such designation or within five days of the institution of an action to enforce this article, whichever is sooner") (second sentence).

[12] *Hoffman v. Oxendine*, 268 Ga. App. 316, 319 (2) (601 SE2d 813) (2004) (in opposing Hoffman's action to compel compliance with ORA, insurance commissioner could not rely on exemption in OCGA § 50-18-72 (a) (4), where commissioner did not enumerate that exemption in his response denying ORA request).

[13] See id. at 319 (3).

[14] OCGA §§ 50-18-70 (f); 50-18-72 (h).

the public agency later grants access to the records, its failure to respond within the three-day time period violates the ORA[15] and subjects the government entity to assessment of attorney fees and costs in favor of the party making the open records request.[16]

Marietta complains that the record before us does not contain a copy of appellants' open records request.[17] Marietta argues, therefore, that the exact date of the request is not clear, so that Marietta's response cannot be deemed untimely. On motion for summary judgment, however, the evidence is construed in favor of the non-moving party.[18] Appellants have submitted affidavits showing that they filed an open records request on April 14, 2007, and that Marietta did not respond until May 11, 2007. Thus, the record supports appellants' allegation that Marietta failed to respond to appellants' open records request within three business days, as required by the ORA, and that Marietta thereby violated the ORA.[19]

Citing *Millar v. Fayette County Sheriff's Dept.*,[20] Marietta contends that appellants' action is moot because the requested records have already been given to appellants. This argument is without merit. In *Millar*, undisputed evidence showed that the documents requested were tendered to the petitioner, who had refused to accept them.[21] In contrast, whether appellants have been provided with all the records requested in the case at bar is a question of fact which is inappropriate for summary adjudication. Moreover, the record indicates that Marietta violated the ORA by failing to respond within the statutory time frame, even if Marietta later made all the requested documents available.[22] The trial court thus erred in granting summary judgment to Marietta.

Marietta further contends, again relying on *Millar*,[23] that appellants' petition to compel compliance with the ORA was premature, because at the time appellants filed the open records request, the

---

[15] *Benefit Support*, supra; *Wallace*, supra at 784 (2) ("the ORA was violated when neither [the county manager] nor anyone else on behalf of the County responded in any manner to the open records request . . . within the required three-day period") (citation omitted).

[16] OCGA § 50-18-73 (b) ("In any action brought to enforce the provisions of this chapter in which the court determines that either party acted without substantial justification . . . in not complying with this chapter . . . , the court shall, unless it finds that special circumstances exist, assess in favor of the complaining party reasonable attorney's fees and other litigation costs reasonably incurred").

[17] The record does, however, indicate that a copy of appellants' open records request exists – and that it is in Marietta's possession.

[18] See *Wilson*, supra.

[19] See *Wallace*, supra.

[20] 241 Ga. App. 659 (527 SE2d 270) (1999).

[21] Id. at 659 (1).

[22] See *Benefit Support*, supra at 833-834 (7); *Wallace*, supra at 781 (2).

[23] Supra.

requested documents were available to appellants through discovery procedures in the municipal court in the Demolition Action. Pretermitting the question of the scope of discovery available to appellants in the Demolition Action, if any, *Millar* is inapposite to the case at bar. The *Millar* petitioner appealed the denial of an injunction to enforce compliance with the ORA. In light of the fact that the records requested had been offered to, and rejected by, the petitioner, this Court found no merit in the appeal.[24] The Court also found that when the petitioner made the ORA request, he had an adequate legal remedy: he could seek the defendants' records through discovery procedures in pending litigation in federal court.[25] Appellants in the present action, however, seek a remedy at law, that is, attorney fees, under the ORA.[26] Indeed, as the Court in *Millar* pointed out, the right to obtain records through discovery does not preclude pursuing those same records through an open records request:

> The rights of an individual under the Open Records Act and the rights of a litigant under discovery statutes are separate and distinct, and nothing in this opinion should be read to require any conflation of the two. Any citizen of this State retains a right to the public records he has requested under the Open Records Act. Citizens also have certain rights to pursue discovery in both criminal and civil actions.[27]

In order to recover attorney fees under the ORA,[28] appellants must meet a two-prong test. First, they must show that Marietta violated the ORA by failing to respond to the ORA request within the statutory time period. As discussed above, appellants have presented a prima facie case that such a violation did occur. Second, if a violation did in fact occur, appellants must show that Marietta lacked substantial justification for the violation.[29]

Therefore, we remand this case to the trial court with direction to resolve whether Marietta has, in fact, furnished all the requested documents; and, if Marietta was noncompliant with the ORA, "whether [its] noncompliance with the ORA was substantially

---

[24] Id.

[25] Id. at 660 (1).

[26] OCGA § 50-18-73 (b).

[27] *Millar,* supra at 659-660 (1).

[28] OCGA § 50-18-73 (b).

[29] See *Wallace,* supra. Accord *Benefit Support,* supra at 834 (7).

justified or whether special circumstances exist that counsel against awarding attorney fees.''[30]

3. Appellants contend that the trial court abused its discretion by entering summary judgment for Marietta without considering appellants' pending motion for continuance under OCGA § 9-11-56 (f). In light of our rulings in Divisions 1 and 2 above, the trial court's failure to rule on appellants' motion for continuance is moot. We note, however, that the better practice is for the trial court to address such motions by issuing an express ruling thereon. Such a ruling, of course, can be issued as part of the court's ruling on the summary judgment motion. A ruling on a pending OCGA § 9-11-56 (f) motion would be especially well-advised where a motion to compel discovery is also pending, as was the case here.[31]

*Judgment reversed and case remanded. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 18, 2008 —
RECONSIDERATION DENIED OCTOBER 9, 2008.

*Wagner, Johnston & Rosenthal, S. Bradley Shipe, LeeAnne Anthony*, for appellants.
*Haynie, Litchfield & Crane, Douglas R. Haynie, Daniel W. White*, for appellee.

---

[30] *Wallace*, supra at 784 (2).
[31] See *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 877, 880 (1) (575 SE2d 673) (2002) (grant of summary judgment was premature in light of pending motion to compel discovery).