A08A2221. GMC GROUP, INC. v. HARSCO CORPORATION.
(667 SE2d 916)

BLACKBURN, Presiding Judge.

In this breach of contract action, GMC Group, Inc. appeals a default judgment entered in favor of Harsco Corporation, contending that because unliquidated damages were sought, the court erred in determining the amount of damages without first conducting an evidentiary hearing. However, GMC filed its notice of appeal seven months after the complained-of judgment was entered; accordingly, we dismiss the appeal as untimely.

"It is well established that the proper and timely filing of a notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." (Punctuation omitted; emphasis in original.) *Kappelmeier v. HSBC USA, Inc.*[1] OCGA § 5-6-38 (a) of the Appellate Practice Act mandates that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ." The Appellate Practice Act provides its own internal definition as to what constitutes the entry of a judgment: "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article." OCGA § 5-6-31. See *Rocha v. State*[2] ("OCGA § 5-6-31 . . . plainly provides that the filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of the Appellate Practice Act.") (punctuation omitted). See also *Zepp v. Brannen*[3] ("for purposes of the Appellate Practice Act, a judgment must be written, signed, and filed with the clerk (OCGA § 5-6-31)").

Here, the default judgment was signed by the judge and was filed with the clerk on October 16, 2007. GMC did not file its notice of appeal until May 30, 2008, more than seven months later. Although GMC moved in the meantime to have the court set aside the default judgment, GMC did not wait for the court's ruling on its motion, instead choosing to appeal the default judgment directly. This appeal, however, is untimely.

GMC argues that the provisions of OCGA § 9-11-58 (b), found in the Civil Practice Act, govern as to when a judgment is deemed entered for purposes of the Appellate Practice Act. OCGA § 9-11-58

[1] *Kappelmeier v. HSBC USA, Inc.*, 280 Ga. App. 349, 350 (634 SE2d 133) (2006).
[2] *Rocha v. State*, 287 Ga. App. 446, 447 (1) (a) (651 SE2d 781) (2007).
[3] *Zepp v. Brannen*, 283 Ga. 395, 396, n. 1 (658 SE2d 567) (2008).

(b), which was substantially revised in 2006 so as to add language regarding the need to file a civil case disposition form with the judgment (see Ga. L. 2006, p. 648, § 2), provides:

> (b) *When judgment entered.* The filing with the clerk of a judgment, signed by the judge, with the fully completed civil case disposition form constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as provided in this subsection. As part of the filing of the final judgment, a civil case disposition form shall be filed by the prevailing party or by the plaintiff if the case is settled, dismissed, or otherwise disposed of without a prevailing party; provided, however, that the amount of a sealed or otherwise confidential settlement agreement shall not be disclosed on the civil case disposition form. The form shall be substantially in the form prescribed in Code Section 9-11-133. If any of the information required by the form is sealed by the court, the form shall state that fact and the information under seal shall not be provided. The entry of the judgment shall not be made by the clerk of the court until the civil case disposition form is filed. The entry of the judgment shall not be delayed for the taxing of costs. This subsection shall not apply to actions brought pursuant to Code Sections 44-7-50 through 44-7-59.

Citing to this statute, GMC contends that until a civil case disposition form is filed, the judgment is not entered and the 30-day period for filing a notice of appeal does not begin to run; in other words, GMC asserts that even though a written, signed judgment has been filed with the clerk, the 30-day period for appealing is triggered only once this form is filed. Thus, because the civil disposition form in this case was not filed until May 27, 2008, GMC claims its notice of appeal filed on May 30, 2008 was timely.

GMC's arguments fail for at least three reasons. First, no such requirement for filing a civil disposition form is found in OCGA § 5-6-31, which defines when a judgment is entered "within the meaning of this article [the Appellate Practice Act]." What additional requirements are imposed by the Civil Practice Act for entry of a judgment are simply not relevant for purposes of the Appellate Practice Act, which has its own definition of when a judgment is entered.

Contrary to GMC's arguments, *Bloodworth v. Thompson*[4] and *Zeitman v. McBrayer*[5] do not hold otherwise. *Bloodworth* cited former OCGA § 9-11-58 (b) for the proposition that a later order not filed with the clerk was ineffective to dissolve a prior order until the later order was filed. *Bloodworth*, supra, 230 Ga. at 629. *Zeitman* cited former OCGA § 9-11-58 (b) for the principle that a signed judgment that was not filed with the clerk was inchoate and was therefore not yet a final judgment. *Zeitman*, supra, 201 Ga. App. at 767 (2) (a). This is entirely consistent with the language of OCGA § 5-6-31. Neither of these cases purports to import from OCGA § 9-11-58 (b) of the Civil Practice Act any requirements for what constitutes an entry of judgment so as to add to the requirements set forth in the Appellate Practice Act in OCGA § 5-6-31.

Second, OCGA § 9-11-58 (b) provides that failure to comply with its mandates means simply that "no judgment shall be effective for any purpose until the entry of the same, as provided in this subsection." Based on this language, judgments or orders not complying with the strictures of former OCGA § 9-11-58 (b) have been held not effective for purposes of general contempt proceedings on the order (*In re Smith*[6]), the "five-year rule" of OCGA § 9-11-41 (e) (*Milam v. Mojonnier Bros. Co.*[7]), and confirmation proceedings (*Friedman v. Regions Bank*[8]). However, no case has held that a final, written judgment (signed by the judge and filed with the clerk) did not commence the 30-day appeal period. In other words, both former OCGA § 9-11-58 (b) and the current version describe when a judgment has been entered so as to be effective; they do not purport to describe when a judgment has been entered so as to trigger the 30-day appeal period under the Appellate Practice Act. Because the issue is not before us, we do not address whether the judgment in this case is or was effective for any or all purposes; rather, we simply hold that we have no jurisdiction to consider this appeal, as the notice of appeal was untimely filed.

Third, to the extent that the requirements of OCGA § 9-11-58 (b) were inconsistent with the requirements of OCGA § 5-6-31 as to what constitutes an entry of judgment for purposes of appeal, we would look to the general rules of statutory construction, which require that "a specific statute will prevail over a general statute, absent any indication of contrary legislative intent, to resolve any inconsistency between them." (Punctuation omitted.) *Marshall v.*

---

[4] *Bloodworth v. Thompson*, 230 Ga. 628, 629 (198 SE2d 293) (1973).

[5] *Zeitman v. McBrayer*, 201 Ga. App. 767 (2) (a) (412 SE2d 287) (1991).

[6] *In re Smith*, 211 Ga. App. 493, 495 (1) (439 SE2d 725) (1993).

[7] *Milam v. Mojonnier Bros. Co.*, 135 Ga. App. 208, 210-211 (217 SE2d 355) (1975).

[8] *Friedman v. Regions Bank*, 288 Ga. App. 57, 59-60 (653 SE2d 507) (2007).

*Speedee Cash of Ga.*[9] See *Yasmine's Entertainment Hall v. City of Marietta.*[10] Here, when it comes to determining what triggers the running of the 30-day period for filing a notice of appeal under OCGA § 5-6-38 (a) of the Appellate Practice Act, the specific statute dealing with what constitutes the entry of a judgment for purposes of the Appellate Practice Act would prevail over the more general provisions of the Civil Practice Act as to when a judgment is entered for purposes of effectiveness.

As GMC's notice of appeal was untimely filed, we must dismiss the appeal.

*Appeal dismissed. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 25, 2008 —

*David R. Martin*, for appellant.

*Shapiro, Fussell, Wedge & Martin, Edward A. Stone*, for appellee.

---

[9] *Marshall v. Speedee Cash of Ga.*, 292 Ga. App. 790 (665 SE2d 888) (2008).

[10] *Yasmine's Entertainment Hall v. City of Marietta*, 292 Ga. App. 114, 116 (663 SE2d 741) (2008).