# Court of Appeals
# of the State of Georgia

ATLANTA, May 28, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1810. NIKOLSON LACOUR v. SP PLUS CORPORATION.**

On May 12, 2026, we dismissed this appeal on the ground that Appellant Nikolson Lacour had failed to file a brief and enumeration of errors and had not requested an extension of time in which to do so. See Court of Appeals Rule 13, 16(b), 23(a). We subsequently granted Lacour's motion for reconsideration, accepted his late-filed brief, and reinstated the appeal. Upon review of the record, however, it is clear that we do not have jurisdiction.

Nikolson Lacour filed this case against Appellee SP Plus Corporation in the Superior Court of Gwinnett County, alleging Open Records Act violations. That court granted SP Plus's motion to transfer venue to the Superior Court of Clayton County on May 30, 2025. Lacour filed a notice of appeal from that order, which this Court dismissed for failure to follow interlocutory procedures. See Case No. A26A0617 (Dec. 22, 2025). Thereafter, on January 29, 2026, the Gwinnett County court entered an order directing Lacour to pay transfer costs within 30 days, with the instruction that the case would be dismissed without prejudice if he failed to do so. Lacour filed a notice of appeal therefrom in the Superior Court of Gwinnett County on March 3, 2026. We lack jurisdiction.

Pretermitting whether Lacour is entitled to a direct appeal of this order,[1] the appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perry v. Paul Hastings, LLP*, 362 Ga. App. 140, 141 (866 SE2d 855) (2021). Because the instant appeal was filed 33 days after entry of the trial court's order, it is untimely.

Accordingly, the appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  05/28/2026*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Lacour maintains that because the 30-day period referenced in the order on appeal has passed and the clerk has marked the case closed consistent therewith, the action now stands dismissed with prejudice and is therefore a final appealable order. However, the clerk's action does not constitute an appealable order, and the record does not indicate that the trial court has entered a dismissal order. See *GMC Group, Inc. v. Harsco Corp.*, 293 Ga. App. 707 (667 SE2d 916) (2008).