### S11A1532. EDGE v. EDGE.
(722 SE2d 749)

MELTON, Justice.

Mark Anthony Edge (Husband) and Marilyn K. Edge (Wife) were divorced on December 19, 2007. On March 17, 2008, Husband filed a complaint for a downward modification of his child support obligations to Wife. On March 25, 2008, Wife filed an answer and counterclaim for an upward modification of child support, and, on July 7, 2009, Wife filed a motion for contempt, contending Husband had failed to properly make required support payments. On January 12, 2009, Husband traveled to Afghanistan for his employer. Prior to leaving, Husband informed his attorney of his correct Atlanta address. On June 15, 2009, Husband's counsel filed a motion to withdraw but included an incorrect address for Husband in her motion. On September 8, 2009, the trial court held a hearing on the case. Husband, who was in Afghanistan, did not appear; however, Husband's attorney did appear, moved for a continuance, and asked that her motion to withdraw be granted. The trial court entered an order allowing Husband's counsel to withdraw, and a new hearing was set for October 26, 2009. Husband's counsel sent notice of her withdrawal to Husband's correct address, but the notice for the October 26 hearing was sent to the incorrect address on the motion to withdraw. Husband was still in Afghanistan and claims that he never received actual notice of the hearing.

On October 26, 2009, the trial court conducted the hearing and entered a final order, holding that Wife should have sole legal and physical custody of the parties' children, Husband's right of visitation should be eliminated, Husband should be held in contempt for failure to pay child support, Husband's child support obligations should be increased, and Husband should pay Wife's attorney fees. Husband maintains that he first learned about this ruling when his employer received an income deduction order dated November 5, 2009. On November 23, 2009, Husband filed a motion to set aside the trial court's order pursuant to OCGA § 9-11-60 (d) (2), arguing that his lack of notice was the result of his attorney's mistake in putting an incorrect address for Husband on her motion to withdraw. Subsequently, Wife filed a motion for summary judgment and a

motion to dismiss based on improper service. After a hearing, on May 4, 2010, the trial court entered an order setting aside its final order based solely on the mistake of Husband's attorney pursuant to OCGA § 9-11-60 (d) (2). Wife subsequently filed an application for discretionary appeal, which this Court granted in order to review both the merits of the trial court's underlying decision and the extent of our jurisdiction over this case. With regard to jurisdiction, we specifically wished to determine whether this case is directly appealable pursuant to OCGA § 5-6-34 (a) (11) as a "child custody case."

1. As an initial matter, we point out that this case does present a child custody matter subject to direct appeal pursuant to OCGA § 5-6-34 (a) (11). Generally, an order granting a motion to set aside leaves the case pending below and so must be appealed utilizing the interlocutory appeal procedures of OCGA § 5-6-34 (b) (where the trial judge issues an order "not otherwise subject to direct appeal" the party seeking to appeal must obtain a certificate of immediate review and file a petition for interlocutory appeal). See also *White v. White*, 274 Ga. 884 (561 SE2d 801) (2002). However, OCGA § 5-6-34 (a) (11) provides for a right of direct appeal from "[a]ll judgments or orders in child custody cases," and permits a direct appeal of an order in a child custody case regarding which parent has custody regardless of finality. Additionally, in *Todd v. Todd*, 287 Ga. 250 (1) (703 SE2d 597) (2010), this Court quoted with approval *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009), which held that an order granting temporary custody was not subject to the interlocutory or discretionary appeal requirements, but was instead directly appealable under OCGA § 5-6-34 (a) (11). Thus, the grant of a motion to set aside in a child custody case is directly appealable.

Furthermore, an action seeking to change visitation qualifies for treatment as a "child custody case." See *Dennis v. Dennis*, 302 Ga. App. 791 (692 SE2d 47) (2010) (appeal of order dismissing petition seeking to hold party in contempt of visitation provisions of divorce decree); *Cates v. Jamison*, 301 Ga. App. 441, n. 1 (687 SE2d 675) (2009) (grandparent visitation). In other contexts, we have considered "custody" to include visitation rights. *Facey v. Facey*, 281 Ga. 367, 369 (2) (638 SE2d 273) (2006) ("a change in visitation amounts to a change in custody in legal contemplation since visitation rights . . . are a part of custody," and thus trial court's order modifying child support was not improper where petition for change of custody was filed, but only visitation and support were changed), quoting *Nodvin v. Nodvin*, 235 Ga. 708 (221 SE2d 404) (1975); *Munday v. Munday*, 243 Ga. 863 (257 SE2d 282) (1979) (habeas petition seeking change in visitation rights was improper use of habeas to seek a change of custody and case was transferred to the Court of Appeals). There-

fore, this case, which included a ruling eliminating Husband's right of visitation, is a "custody case" subject to direct appeal.

2. The trial court's ruling on Husband's motion to set aside was erroneous. OCGA § 9-11-60 (d) (2) provides: "A motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." Under the circumstances of this case, Husband did not provide the trial court with an appropriate basis to set aside its final order pursuant to this particular statutory provision. To establish mistake, Husband cannot rely on the mistake of his own counsel as if his counsel were acting adversely to him, rather than as his representative before the court. To the contrary, counsel's actions are generally attributed to his or her client, and this case is not an exception to this rule. It has previously been held that trial counsel's inexcusable neglect in filing *no answer at all* is insufficient grounds to set aside a judgment. *Arnold v. Ga. Dept. of Human Resources*, 169 Ga. App. 689 (314 SE2d 705) (1984). Likewise, trial counsel's failure to include a correct address on her motion to withdraw is an insufficient ground to set aside this case under OCGA § 9-11-60 (d) (2), the only basis which the trial court considered in its order.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 27, 2012.

*Hait, Eichelzer & Kuhn, Elizabeth J. Kuhn*, for appellant.
*Hill-MacDonald, Vic B. Hill*, for appellee.