**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**April 27, 2012**

# In the Court of Appeals of Georgia

A12A0294. BRABANT v. PATTON.

ADAMS, Judge.

Angela Brabant appeals the trial court's order dismissing her notice of appeal. We reverse for the reasons set forth below.

Brabant and her ex-husband Phillip Drew Patton were granted a divorce on December 19, 1997 in Muscogee County. Pursuant to the terms of their divorce, Patton was named the primary custodian of the couple's children, Allison Marie Patton and Alex Patton. On July 5, 2010, Patton sent Allison, then 19, and her brother to visit Brabant in Spokane, Washington, where she resided. The children were scheduled to return to Georgia on August 2, 2010. It is undisputed that Allison Patton is mentally challenged and will require care and supervision for the rest of her life. Brabant did not return Allison to Patton in Georgia at the scheduled time, but instead

on July 22, 2010, Brabant filed a petition for limited guardianship of Allison in the Superior Court of Spokane County, Washington, asserting that Allison had made an independent determination to remain in Washington. In response, Patton filed a "Petition for Declaratory Judgment [and] Petition for Citation of Contempt" in the Superior Court of McIntosh County where he resides and where Allison resided prior to traveling to Washington to visit her mother. The petition sought a declaration that Patton was the lawful custodial parent of Allison and that Brabant is required to pay child support until Allison is 20 years old. It also sought an order finding Brabant in contempt for failing to comply with the parties' divorce decree. Brabant filed an answer and counterclaim and also made an oral motion to dismiss Patton's petition.

On September 23, 2010, the trial court issued an order in response to Brabant's motion to dismiss and following the submission by the parties of briefs on the jurisdictional issues raised by the case. In that order, the trial court determined that the McIntosh Superior Court had jurisdiction to determine the guardianship of Allison and that "[u]ntil otherwise decided by the Courts, Drew Patton is the primary custodial parent and natural guardian of Allison Marie Patton." Thus, the trial court ordered Brabant to return Allison to Patton within 15 days of the order's entry, although the court noted that Brabant was free to file a petition for guardianship in

McIntosh County. The trial court also determined that only the Superior Court of Muscogee County had jurisdiction to consider Patton's Petition for Citation of Contempt, alleging that Brabant violated the Muscogee County divorce decree; accordingly, the trial court transferred the petition for contempt to Muscogee County pursuant to the Uniform Rules of Superior Court.

Brabant filed a timely appeal from this order on October 4, 2010, but Patton moved to dismiss the appeal on the ground that all appeals in domestic relation cases are discretionary pursuant to OCGA § 5-6-35. Patton also argued that because the order was interlocutory, Brabant was required to obtain a Certificate of Immediate Review before she filed an appeal. OCGA § 5-6-34 (b). The trial court granted the motion and dismissed Brabant's appeal.

Pretermitting whether the trial court had the authority to dismiss Brabant's appeal on the grounds raised in Patton's motion,[1] we find that the trial court erred in holding that Brabant did not have a right of direct appeal. Under OCGA § 5-6-34 (a)

---

[1] See *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (1) n. 2 (663 SE2d 697) (2008) (whether order was directly appealable or interlocutory is an issue of law that must be resolved by the appellate court). See also Id. at 108-110 (J. Benham, concurring). In this case, the trial court's decision to dismiss the appeal, rather than allowing it to proceed to the appellate court for a determination of whether the proper appellate procedures were followed, unnecessarily delayed appellate review of the underlying issues.

(11), direct appeals may be taken from "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." The Georgia Courts have interpreted this section as permitting "a direct appeal of an order in a child custody case regarding which parent has custody regardless of finality," *Edge v. Edge*, __ Ga. __, 2012 WL 602844 (1) (Case No. S11A1532, decided February 27, 2012), and thus such orders are not subject to the interlocutory or discretionary appeal procedures. *Long v. Long*, 303 Ga. App. 215, 217 (1) (692 SE2d 811) (2010). The trial court's September 23, 2010 order determined that Patton retained primary custody of Allison even though she had reached the age of majority and in spite of Brabant's petition for guardianship in Washington. Accordingly, the order was one refusing to change child custody and thus was directly appealable pursuant to OCGA § 5-6-34 (a) (11).

*Judgment reversed. Barnes, P. J., and McFadden, J., concur.*