**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 15, 2014**

# In the Court of Appeals of Georgia

A13A1020. BANKSTON v. LACHMAN.

BRANCH, Judge.

The father of a girl, now six years old, brings this appeal from a trial court's order on a petition by the child's mother. The trial court suspended the father's visitation rights and found him in contempt for failing to pay child support.[1] The father argues that the trial court erred when it suspended his visitation rights and also asserts four errors as to a previous order denying his own motion for contempt. The evidence supported the trial court's suspension of the father's visitation rights, and we lack jurisdiction as to the previous order. We therefore affirm.

---

[1] In March 2013, we transferred the case to the Supreme Court of Georgia, which returned it to this Court in September 2013.

The record shows that the parties' February 2009 divorce decree granted the father four hours of visitation per week until the child began kindergarten, and every other weekend after that time. As part of the parties' ongoing dispute over enforcement of the divorce decree's visitation and child support provisions, one of which resulted in a June 2011 adjudication of contempt against the father for failure to pay child support, the father moved for contempt in July 2012. After a hearing, and in an order dated September 18, 2012, the trial court denied the father's motions to recuse the judge, for contempt, and to set aside two February 2012 orders on visitation.

Meanwhile, on September 7 and 18, 2012, the trial court granted the mother's emergency ex parte motions and her petition to suspend the father's visitation pending an investigation of the mother's allegations that over the weekend of August 24-26, the father's 8-year-old son by another woman had penetrated the girl's vagina with his finger several times while both children were in the father's physical custody. At a hearing on October 11, 2012, the trial court heard testimony from the mother that on returning to the mother's house, the girl was found cutting off her own hair down to the scalp in an effort to "get [her brother] out of [her] head." At the same hearing, the father admitted that he had never made a full monthly child support payment. On

2

October 31, 2012, the trial court granted the mother's petition to suspend the father's visitation, found the father in contempt, and ordered the father to begin paying $19,000 in overdue child support. On November 29, 2012, the father appealed the October 31 order. An amended notice of appeal also noted that the father was appealing only the October 31 order.

On appeal, the father argues that the trial court erred in the course of proceedings on the father's motion for contempt when it denied his motion to recuse the judge, limited the father's cross-examination of the mother, quashed a subpoena of the child's doctor, and declined to hold the mother in contempt. The father also argues that the trial court's suspension of his visitation at the conclusion of proceedings on the mother's petition was not supported by the evidence. We have jurisdiction over only the last of these assertions.

1. The father's first four asserted errors concern proceedings in the father's contempt action against the mother culminating in the order of September 18, 2012, which was not timely appealed. We therefore lack jurisdiction.

The order of September 18, 2012, resolved all issues raised in proceedings in the father's motion for contempt, including his request to set aside previous orders

concerning visitation, and was thus directly appealable.[2] See *Edge*, 290 Ga. at 553 (1) (an order setting aside "a ruling eliminating [a father's] right of visitation [was] a 'custody case' subject to direct appeal"). As a final disposition on the father's motion, the order of September 18, 2012, was subject to the timeliness requirements of OCGA § 5-6-38 (a), which provides that a notice of appeal "shall be filed within 30 days after entry of the appealable decision or judgment complained of." If such an adjudication is not appealed within 30 days, an appeal taken after that time is properly dismissed. *In re Booker*, 186 Ga. App. 614 (367 SE2d 850) (1988) (dismissing appeal from judgment of contempt as untimely under OCGA § 5-6-38 (a)).

It is true that under OCGA § 5-6-34 (d), a party may appeal a previously unappealed order "rendered in the case . . . without regard to the appealability of the judgment, ruling or order . . . appealed from." See *In re I. S.*, 278 Ga. 859, 860-861 (607 SE2d 546) (2005) (a party taking a timely appeal from an order in a deprivation proceeding could challenge an earlier, unappealed deprivation order by virtue of

---

[2] As our Supreme Court recently held in *Murphy v. Murphy*, ___ Ga. ___ (Case No. S13G1651, decided June 30, 2014), direct appeals under the former version of OCGA § 5-6-34 (a) (11), still in effect at the time the judgments before us were entered, were "limited to 'orders in a child custody case *regarding which parent has custody* regardless of finality.'" *Murphy*, ___ Ga. at ___ (emphasis in original), quoting *Edge v. Edge*, 290 Ga. 551, 552 (1) (722 SE2d 749) (2012).

4

OCGA § 5-6-34 (d)). Here, however, the "case" as to which the father asserts four errors is his own contempt motion against the mother, which was the subject of the appealable judgment of September 18, 2012, whereas the mother's petition for contempt and to modify custody, which received a different case number, was the subject of the judgment of October 31, 2012.

As we noted in *Carden v. Carden*, 266 Ga. App. 149, 150 (1) (596 SE2d 686) (2004), a contempt proceeding is "ancillary" to the action from which it arises. Id. at 150 (1). As a result, we held, a son was barred from filing a counterclaim for contempt in his mother's contempt proceedings against him, and was required to file his own "separate action" for contempt. Id. at 150 (1), citing *Baer v. Baer*, 263 Ga. 574, 575 (1) (436 SE2d 6) (1993). Here, the father failed to appeal the final judgment of September 18, 2012, within 30 days of that judgment's entry. To authorize him to assert errors as to that judgment on this appeal would enable any custody litigant to revive this Court's jurisdiction over an unappealed contempt judgment in a child custody matter whenever any other appealable judgment issued, even if the second were to appear months or years after the first. Because nothing in OCGA § 5-6-34 (d) authorizes an appellant thus to revisit unappealed final dispositions in contempt proceedings ancillary to child custody cases, this Court has no jurisdiction over the

5

September 18 judgment. OCGA § 5-6-38 (a); *In re Booker*, 186 Ga. App. at 614 (dismissing appeal of judgment of contempt as untimely). Compare *Hammonds v. Parks*, 319 Ga. App. 792, 793-794 (2) (735 SE2d 801) (2012) (in father's timely appeal from final orders on reserved issues of custody, child support, and fees, and also finding father in contempt, appellate court had jurisdiction over earlier, non-final rulings on contempt, custody, and child support under OCGA § 5-6-34 (d)).

2. The father having timely appealed the order of October 31, 2012, this Court has jurisdiction over his assertion that the trial court erred when it suspended his visitation. See *Edge*, 290 Ga. at 552-553 (1) (trial court's elimination of visitation rights was directly appealable).

> When considering a dispute regarding the custody of a child, a trial court has very broad discretion, looking always to the best interest of the child. This Court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, we will not find there was an abuse of discretion.

*Williams v. Williams*, 295 Ga. 113 (1) (757 SE2d 859) (2014) (citations and punctuation omitted). "We are [also] mindful that the Solomonic task of making these decisions lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their

6

credibility." *Smith v. Curtis*, 316 Ga. App. 890, 892 (730 SE2d 604) (2012) (citations and punctuation omitted).

The record at the hearing on the mother's petition contains reasonable evidence, including the mother's testimony as to her daughter's traumatized behavior after being sexually molested by her half-brother, supporting the trial court's determination that any visitation with the child's father was not in her best interests pending resolution of the investigation into the half-brother's behavior. *Smith*, 316 Ga. App. at 892 (affirming trial court's judgment revoking a father's visitation rights when supported by evidence that the father's harassment of the child's mother resulted in obsessive-compulsive behavior by the child).

For the reasons stated above, we dismiss the father's appeal to the extent it asserts errors as to the September 18, 2012 order on the father's motion, and we affirm the trial court's order of October 31, 2012, on the mother's petition.

*Judgment affirmed in part and appeal dismissed in part. Phipps, C. J., and Ellington, P. J., concur.*