# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2020

*The Court of Appeals hereby passes the following order:*

**A19A2019.  JEDVI MARIELA ORTIZ MORALES v. LUCIO ORTIZ PEREZ.**

Jedvi Mariela Ortiz Morales ("Morales") appeals from two orders issued by the Superior Court of Dekalb County after she was granted temporary custody of her two minor siblings. In her uncontested appeal, she contends that the trial court failed to make required findings of fact relevant to the children's immigration status. For the reasons stated below, we DISMISS this appeal for lack of jurisdiction.

On May 14, 2018, Morales filed a Verified Petition seeking custody of her two minor siblings, who are citizens of Guatemala. In the Petition, Morales represented that the children's mother is deceased, and their father, Lucio Ortiz Perez (the "father") lives in Guatemala. In 2016, the children left the father's home to live with their aunt in Guatemala. Several months later, they entered the United States, where they were taken into custody by U.S. Customs and Border Protection. They were released to the Office of Refugee Resettlement, with whom they resided for approximately one month before being released into Morales's custody on November 1, 2016. The children have lived with Morales since that time.

Morales's petition asserted that the father was neglectful, and the children's step-mother was allowed to mistreat them, which is why they left the home to live with their aunt and later with Morales. Further, the father had made no effort to visit or contact the children since they came to the United States. Accordingly, Morales asked the court to award her sole custody of the children. Additionally, Morales asked the court to make specific factual findings that: (1) reunification with the father is not possible; and (2) it is not in the children's best interest to be returned to Guatemala.

A translated copy of the petition was delivered to the father, who

acknowledged receipt of the petition, waived service, waived any objections to the petition, waived his right to trial on the petition, and consented to the relief sought by Morales. The case was set for a final hearing in November 2018. However, the trial court sua sponte removed the case from the calendar and stayed the action, citing deficiencies in the petition. One week later, Morales filed an affidavit curing these deficiencies and asking that the trial court again set the case for a final hearing.

Rather than setting another hearing, the court lifted the stay and entered an order on January 17, 2019, granting temporary custody of the children to Morales. The court also recognized that the children were the subject of removal proceedings before a federal immigration court. Accordingly, as the disposition of the immigration proceeding would be dispositive of the children's ability to remain in the United States, the court administratively closed the case until after the immigration proceedings were complete. The court made no additional findings regarding reunification with the father, or whether it would be in the children's best interest to remain in the United States.

Morales then filed an "Emergency Motion for Reconsideration, to Reopen Case and to Supplement Custody Order to Include Special Immigrant Juvenile Status Findings . . . ." In this motion, Morales argued that the trial court had a duty to make the requested factual findings, as they were necessary for the children to be considered eligible for a specific immigration status that might allow them to remain in the United States.[1] The trial court denied the motion, concluding that it was not required to make the requested factual findings, as Morales's custody of the children was only temporary, and the court had not convened a hearing nor taken any evidence.

Morales filed a "Renewed Motion to Reopen Case and for Entry of Consent

---

[1] Pursuant to 8 USC § 1101 (a) (27) (J) (i), minor immigrants who have been declared dependent on a juvenile court in the United States can be granted Special Immigrant Juvenile Status ("SIJS"). Morales argues that, in order for the children to be granted SIJS, it is crucial that the trial court find that reunification with the father is not viable and that it is not in their best interests to be returned to Guatemala.

Order," again asking the trial court to make the requested factual findings. The trial court also denied this motion. Morales then sought certification of the court's second order for immediate review pursuant to OCGA § 5-6-34 (b), which the trial court denied.

Morales filed a notice of appeal on March 29, 2019, specifying that she was appealing only from the trial court's denials of her emergency motion for reconsideration and motion to reopen. In her brief, Morales asserts that this Court has jurisdiction pursuant to OCGA § 5-6-34 (a) (11), as "the error asserted by [Morales] is integral to the custody issue[.]" We disagree.

Pursuant to OCGA § 5-6-34 (a) (11), direct appeals may be taken from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody . . . ." Undoubtedly, had Morales appealed directly from the trial court's temporary order granting her custody and asserted that the trial court failed to make required factual findings, we would have had jurisdiction to hear her appeal. See *In the Interest of J. J. X. C.*, 318 Ga. App. 420, 424-426 (734 SE2d 120) (2012) (exercising jurisdiction over a an appeal from a dependency adjudication and custody award where appellant argued that the trial court was required to make findings of fact for use in the child's immigration proceedings); *Brabant v. Patton*, 315 Ga. App. 711, 712 (728 SE2d 244) (2012) (recognizing that temporary orders awarding or modifying child custody are directly appealable under OCGA § 5-6-34 (a) (11)). However, Morales's notice of appeal was not timely as to the underlying custody order, as the order was filed on January 17, 2019, and Morales's notice of appeal was not filed until March 29, 2019. Moreover, she specifies that she is appealing only from the post-custody-award orders that pertain only to the factual-findings issue.

The orders being appealed in this case do not award, refuse to change, or modify the child custody awarded to Morales. OCGA § 5-6-34 (a) (11). Although the trial court refused to change or modify its judgment, its rulings in the orders being appealed had no effect on Morales's custody of the children, and thus, they do not fall under the purview of OCGA § 5-6-34 (a) (11). Moreover, the issue raised on appeal

is whether the trial court was required to make factual findings in its custody order for use in a federal immigration proceeding. Such issue is ancillary to the award of custody of the children to Morales. Accordingly, it is not directly appealable under OCGA § 5-6-34 (a) (11). See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (explaining that "the proper appellate procedure to employ depends upon the issue involved in the appeal, even if the order or judgment being challenged on appeal . . . was entered in a child custody case." (footnote omitted)); *Murphy v. Murphy*, 295 Ga. 376, 379 (761 SE2d 53) (2014) (appellant was not entitled to direct appeal of order denying a motion to recuse judge in a child custody case; such order did not concern the issue of child custody, and thus did not fall under OCGA § 5-6-34 (a) (11)).

Alternatively, Morales argues that the orders are appealable under the collateral order doctrine. To be directly appealable under this doctrine, an order must "completely and conclusively decide the issue on appeal such that nothing in the underlying action can affect it; resolve an issue that is substantially separate from the basic issues in the complaint; and be effectively unreviewable on appeal." *Settendown Pub. Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 655 (751 SE2d 463) (2013) (citation and punctuation omitted).

However, the collateral order doctrine applies "in limited circumstances" to a "very small class of interlocutory rulings." *Rivera v. Washington*, 298 Ga. 770, 778 (784 SE2d 775) (2016) (citations and punctuation omitted). Morales has not cited any cases applying the collateral order doctrine to orders like the ones in this case, where there was a temporary child custody order, which the appellant contends was lacking in required factual findings for an immigration proceeding. Further, it is unclear if the collateral order doctrine would apply when Morales had an opportunity to have this Court review her enumeration of error, but failed to file a timely notice of appeal of the appealable order. See *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013) (explaining that the third prong of the collateral-doctrine test requires that denial of immediate review "would render impossible any review whatsoever") (citation omitted; emphasis omitted). Morales cannot use the collateral order doctrine

as a means to extend the deadline to file a timely notice of appeal of a child custody order. Accordingly, for the foregoing reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   01/16/2020*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*