**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

December 17, 2024

# In the Court of Appeals of Georgia

A24A1411. GRANADOS v. NEWSOME.

RICKMAN, Judge.

This appeal arises from Lauren Akins Newsome's petition for emergency change of custody seeking to suspend her former husband Alexander Granados's visitation with their son. On appeal, Granados contends that the trial court erred by denying his motions to dismiss and by suspending his visitation and contact with their son. For the reasons set forth below, we affirm.

On appeal from a child custody decision, we view the evidence in the light most favorable to upholding the trial court's order. *Lynch v. Horton*, 302 Ga. App. 597, 597 (692 SE2d 34) (2010). So viewed, the evidence shows that Granados and Newsome have one minor child, a son, born in 2015. Granados and Newsome were divorced in

2019, and the final judgment and decree in that case awarded joint legal custody to both parents, physical custody to Newsome, and visitation to Granados.

In November 2022, Newsome filed a petition for modification of custody and child support alleging that since the entry of the final judgment and decree, their son had been a witness to multiple instances of domestic violence involving Granados. Granados moved to dismiss the petition, alleging that Newsome had withheld visitation from him since October 28, 2022. After a hearing, the trial court found that Newsome had withheld visitation from Granados in violation of the final judgment and decree and granted Granados's motion to dismiss Newsome's claim for modification of custody.

In February 2023, Newsome filed a petition for emergency change of custody. Newsome again alleged that their son had been a witness to multiple instances of domestic violence involving Granados. She also alleged that their son had been diagnosed with post-traumatic stress disorder ("PTSD") as a result of being a witness to domestic violence, that he was in therapy to address the issues relating to PTSD, and that he regresses in any progress with therapy any time he has telephone contact with Granados. Granados filed an answer, counterclaim for contempt, and motion to

dismiss, again alleging that Newsome had denied him visitation since October 28, 2022. The trial court issued an interim order granting Granados temporary visitation on Saturdays at a Chick-Fil-A. Granados subsequently filed an amended answer, counterclaim for contempt, and motions to dismiss. Following a hearing in April 2023, the trial court denied Granados's motions to dismiss.

A subsequent interim order allowed Granados to resume his normal, unsupervised visitation schedule.

In February 2024, Newsome's emergency custody modification action came before the trial court for a final hearing. After the hearing, Newsome's counsel informed the trial court that there was new evidence, and the trial court scheduled an emergency hearing. Granados appeared for the emergency hearing, which was held via Zoom, from the Morgan County jail. A sergeant with the Morgan County Sheriff's Office testified that she had obtained criminal warrants against Granados that week for cruelty to children in the first degree and family violence battery as a result of an incident involving Granados's fiancée's son. According to the sergeant, the warrants state that Granados "did grab a seven-year-old child by the neck, then did strike with an open hand the face of the child with such force that it knocked the child into a piece

of furniture, which further injured his face." When the sergeant saw the fiancée's son, he had a black eye and a cut or scrape on his neck. Granados was arrested after the sergeant interviewed Granados's fiancée and a forensic interview was conducted with the fiancée's son. At the time of the hearing, the sergeant had not talked to Newsome and Granados's son, but she planned to arrange a forensic interview for him.

Following the hearing, the trial court entered an interim order granting Newsome temporary physical and legal custody of the parties' son and ordered that Granados have no contact with his son until further order of the trial court.

This appeal followed.

1. Relying on OCGA § 19-9-24, Granados argues that the trial court erred in denying his motions to dismiss. Specifically, Granados maintains that the trial court was required to dismiss Newsome's emergency modification action because Newsome stipulated that, prior to filing the action, she had been withholding visitation from Granados. We disagree.

OCGA § 19-9-24 (b) provides, in relevant part, that "[a] legal custodian shall not be allowed to maintain any action for . . . change of child custody, or change of visitation rights . . . so long as visitation rights are withheld in violation of the custody

order." In *Dallow v. Dallow*, 299 Ga. 762, 774-775 (3) (c) (791 SE2d 20) (2016), the Supreme Court of Georgia held that a trial court was not required to dismiss a modification petition brought by a mother who had previously interfered with the father's visitation, given that the mother was not "withholding visitation from him altogether." And in affirming the trial court's denial of the father's motion to dismiss, the Supreme Court indicated that it had "some doubt about our indication in *Avren* [*v. Garten*, 289 Ga. 186, 187 (2) (710 SE2d 130) (2011)], that past instances of withholding, rather than withholding of custody or visitation at the time that the trial court is deciding how to proceed in the newly filed action, would bar the new action under OCGA § 19-9-24 (b)." *Dallow*, 299 Ga. at 774 (3) (c), n. 9.

The *Dallow* court's construction of OCGA § 19-9-24 (b) is supported by the plain language of that statute, which prohibits a legal custodian from *maintaining* an action for modification of child custody or visitation rights "*so long as* visitation rights *are withheld* in violation of the custody order." OCGA § 19-9-24 (b) (emphasis supplied). This language indicates that a trial court is not required to dismiss a modification petition, even where the plaintiff has previously violated a custody order, provided that the petitioner is in compliance with all court orders "at the time that the

5

trial court is deciding how to proceed" on the modification petition. *Dallow*, 299 Ga. at 774 (3) (c), n. 9. See also *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013) (when interpreting a statute, "we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would") (citations and punctuation omitted); *Franks v. Sparks*, 217 Ga. 117, 121 (121 SE2d 27) (1961) ("[w]ords of time such as 'so long as,' 'while,' 'until,' 'during,' usually denote limitation").

The trial court heard argument on Granados's motions to dismiss during the April 2023 hearing, and denied his motions to dismiss in an order entered May 1, 2023. At the time the trial court was considering Granados's motions to dismiss, the trial court's interim order granting Granados visitation on Saturdays at a Chick-Fil-A was in effect. At the April 2023 hearing, Newsome's counsel conceded that Newsome had withheld visitation. However, Newsome's counsel went on to state that "we had an interim order that gave him the ability to see the child every weekend since we were last in [c]ourt. There were six scheduled visits. He made three of them." Granados's counsel appeared to agree that Newsome had allowed visitation under the interim

6

order then in effect — as part of his argument that Newsome should be held in contempt, he asserted that it had been five months since Granados "had his regular visitation" and "he has not gotten to see his child albeit outside this interim order that's in place." There is a transcript of an excerpt of the April 2023 hearing in the appellate record, but the excerpt does not include any of the testimony or other evidence presented during the hearing. Granados points to no evidence in the record that Newsome was not in compliance with court orders "at the time that the trial court [was] deciding how to proceed" on the modification petition. *Dallow*, 299 Ga. at 774 (3) (c), n. 9. In light of both the Supreme Court's holding in *Dallow* and the plain statutory language of OCGA § 19-9-24 (b), the trial court was not required by OCGA § 19-9-24 (b) to dismiss the action, and the trial court did not err by denying Granados's motions to dismiss.

2. Because we concluded in Division 1 that the trial court was not required by OCGA § 19-9-24 (b) to dismiss the action, we need not address Granados's arguments that the trial court erred in denying his motion to dismiss based on an "emergency" exception to OCGA § 19-9-24 and on the basis that the trial court has the authority to modify visitation sua sponte in a contempt action.

3. Granados argues that the trial court abused its discretion in that it suspended all of his visitation and contact with his son without considering whether less extreme arrangements, including limited and supervised visitations, could be instituted to address the trial court's concerns.

"When child custody, including visitation, is an issue between parents, the trial court has very broad discretion, looking always to the best interest of the child." *Bishop v. Baumgartner*, 292 Ga. 460, 462 (738 SE2d 604) (2013). "This Court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, we will not find there was an abuse of discretion." *Bankston v. Lachman*, 328 Ga. App. 284, 286 (2) (761 SE2d 830) (2014). "We are also mindful that the Solomonic task of making these decisions lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility." (Citation and punctuation omitted.) Id. at 287 (2).

The record does not support Granados's contention that the trial court suspended Granados's contact with his son without considering less extreme arrangements. At the conclusion of the emergency hearing, the trial court explained

that it was "going to modify the interim order that [it] entered to remove all of [Granados's] visitation until we can get back together for a full hearing and fully assess what restrictions are being put on either by bond conditions, by DFCS, and potentially whether or not the minor child at issue in [this] case . . . is also a witness." The trial court specifically addressed whether it could address its concerns with less extreme measures, stating that there were "too many factors going on to try to put any type of visitation restrictions in at this time until [counsel for Granados] and [counsel for Newsome] are able to provide the [c]ourt with more detailed information about what the facts and circumstances are and what restrictions are being put in place by any other department or agency." Under these circumstances, Granados's argument that the trial court abused its discretion by suspending his contact with his son without considering less extreme arrangements fails, and we affirm the trial court's order temporarily suspending Granados's contact with his son. See *Bankston*, 328 Ga. App. at 287 (2) (affirming trial court's order suspending any visitation with the child's father pending resolution of an investigation).

*Judgment affirmed. Mercier, C. J., and McFadden, P. J., concur.*