# Court of Appeals
# of the State of Georgia

ATLANTA,  November 05, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0153. KRESLYN BARRON ODUM v. BYRON BROOKS.

In this child custody modification and contempt action, the trial court entered a temporary order in September 2024, in which, among other things, it transferred physical custody of a minor child from the child's mother, defendant Kreslyn Odum, to the child's father, plaintiff Byron Brooks. In an order entered on September 18, 2025, the court sua sponte set aside all prior orders entered by a judge previously assigned to the case (including the September 2024 order), concluded that Odum's OCGA § 9-11-60(d)(3) motion to set aside those orders was thereby rendered moot (which effectively denied that motion), and further ruled that, pending a temporary hearing, the child will remain with Brooks. On October 17, 2025, Odum filed a timely application for discretionary review, seeking to appeal the September 18, 2025 order. See OCGA § 5-6-35(d).

Under OCGA § 5-6-34(a)(11), direct appeals lie from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." And custody rulings are directly appealable, even if interlocutory. *Brabant v. Patton*, 315 Ga. App. 711, 712–13 (728 SE2d 244) (2012). Here, because the trial court expressly refused to change child custody in the September 18 order — a ruling

that Odum seeks to challenge in her discretionary application — the order is directly appealable.[1]

Under OCGA § 5-6-35(j), this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this application is hereby GRANTED. Odum shall have ten days from the date of this order to file a notice of appeal in the trial court. See OCGA § 5-6-35(g). If Odum already has filed a notice of appeal in the trial court, then she need not file a second

---

[1] An appeal from a trial court order denying an OCGA § 9-11-60(d) motion to set aside ordinarily must initiated by filing an application for discretionary review. See OCGA § 5-6-35(a)(8), (b). And an appeal from a trial court order in a domestic relations proceeding that does not decide a substantive custody issue likewise must be brought by discretionary application. See OCGA § 5-6-35(a)(2), (b). Here, however, the trial court's September 18, 2025 order is directly appealable because, in addition to effectively denying Odum's OCGA § 9-11-60(d)(3) motion to set aside, the court also issued a distinct, substantive child custody ruling when it expressly refused to return custody of the parties' minor child to Odum pending further proceedings. See *Capehart v. Mitchell*, 358 Ga. App. 86, 88 (2) (851 SE2d 846) (2020) (a judgment or order is directly appealable under OCGA § 5-6-34(a)(11) if the case involves "custody as an issue on appeal" (punctuation and quotation marks omitted)). Compare *Voyles v. Voyles*, 301 Ga. 44, 45–47 (799 SE2d 160) (2017) (an appeal from the denial of a motion to set aside an order in a child custody proceeding due to inadequate notice of a hearing must be initiated by filing an application for discretionary review under OCGA § 5-6-35(a)(2) where the issue raised on appeal does not directly call into question a custody ruling). Cf. *Capehart*, 358 Ga. App. at 87–88 (1) & (2) (an appeal from an order granting an OCGA § 9-11-60(d) motion to set aside a custody ruling must be initiated by filing an application for interlocutory review where the appellant does not directly challenge a substantive custody ruling on appeal).

notice. The trial court clerk is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  11/05/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*